JAMES PARDON, Appellant, *v.* MARY DWIRE *et al.*, Appellees.

### APPEAL FROM ST. CLAIR.

A party who introduces a deed in evidence, without reservation, cannot afterwards object to its being treated as evidence.

Where, upon the introduction of a deed resulting from a sale upon an execution issued out of the Circuit Court, upon a transcript from a justice of the peace, it appeared that the return to the summons did not give the justice jurisdiction, the deed was held a nullity.

A return which states that the summons was "duly served by reading, June 16th, 1848," is bad.

A judgment against one of two defendants, in ejectment which is trespass, where only one was served, is sufficient, although the judgment is pronounced against the defendants.

APPELLEES brought ejectment against appellant and one Garret C. Milum, for recovery of Lot 4, Block 3, west of public square, in Sublett's addition to the town of Lebanon, St. Clair county. Appellant only served, who plead the general issue and appeals, singly, by leave.

The cause was tried by the court, SNYDER, Judge, by consent. On the trial, the following facts were agreed upon: 1. Plaintiffs are children of Catharine Dwire and James Dwire. 2. That James Dwire died previous to June, 1848. 3. Both parties claim under Elbridge G. Potter.

Appellees then introduced in evidence a deed for said lot from

Elbridge G. Potter, dated 10th Feb., 1857, to David Dwire, Mary Dwire and Sarah Ann Dwire, which deed does not appear to have been recorded.

Appellant then introduced in evidence a deed for said lot from Elbridge G. Potter and wife to Catharine Dwire, of date June 1, 1848, and filed and recorded May 7th, 1849.

Appellant introduced the record of a transcript from the docket of C. Cunningham, a late justice of the peace of St. Clair county, recorded May 7th, 1849, showing that on the 20th June, 1848, Nathan Horner and George L. Roberts obtained a judgment before said justice against Catharine Dwire for $32.97 and costs; that on the same day, after oath being made by Nathan Horner, an execution was issued, and returned, no property, etc. The record shows the following return on the summons in the case: "Duly served by reading. C. M. Perryman, Const.;" but the justice states in the record, as follows: "On application of Nathan Horner, one of the plaintiffs, summons issued June 15th, 1848, to C. M. Perryman, Const., returnable on the 20th inst., at nine o'clock A. M. June 16th, summons returned duly served by reading to the defendant."

Appellant also introduced the original file of the transcript aforesaid, which was filed June 26th, 1848, (recorded May 7th, 1849.) The file contains the same statement from the justice as above; but the constable's return, as shown by the file, is as follows: "Duly served by reading, June 16th, 1848. C. M. Perryman, Const."

Appellant next introduced an execution, issued 8th May, 1849, on said transcript, from the St. Clair Circuit Court, and the sheriff's return thereon, which execution and return were filed 17th Aug., 1849, and from which it appears that the sheriff levied on said lot, and sold the same on the 11th Aug., 1849, to Nathan Horner, for $48, in satisfaction of the execution, interest and cost.

Appellant next introduced a deed for said lot, from sheriff of St. Clair county to James B. Corrington, assignee of Nathan Horner, of date 22nd Nov., 1850, some of the recitals of which do not correspond with the preceding record.

Appellant next introduced a deed for said lot, from the sheriff of St. Clair county to James B. Corrington, with recitals corresponding with the preceding record.

Appellant next introduced a deed for said lot, from James B. Corrington and wife to defendant, Pardon, dated 3rd May, 1855.

The court found for the appellees, overruled a motion for a new trial, and gave judgment against both defendants.

J. BAKER, for Appellant.

W. H. & J. UNDERWOOD, for Appellees.

CATON, C. J. The appellant introduced a deed from Potter to Catharine Dwire, and afterwards objected to its being considered or treated as evidence in the cause, because the acknowledgment was not properly certified. By introducing the deed in evidence, he vouched to the court that it was genuine and properly executed by the grantors, and was proper evidence to prove what it purported to prove, it having been introduced without reservation, explanation or qualification. He could not afterwards object that it was not properly executed.

The next question is, as to the effect of the judicial sale under which the appellant claims title. That sale was made upon an execution issued by the clerk of the Circuit Court, upon a transcript of a judgment rendered by a justice of the peace, and filed in the Circuit Court, under our statute. That transcript shows that a summons was duly issued, and "returned duly served by reading to the defendant." Upon the production of the original summons, the return indorsed upon it by the constable is in these words—" Duly served by reading, June 16th, 1848." Admitting that the transcript of the justice was sufficient *prima facie* to show a proper return of service, it was certainly not conclusive of that fact, and it was competent to contradict the statement in the transcript, by producing the original summons and the return upon it. When that was done, it did contradict the statement of the transcript, and showed what we have often held to be an insufficient return to give the justice jurisdiction of the person of the defendant. It did not show that the summons was served upon or read to her. It did not show to whom it was read, if to any one. For want of jurisdiction of the person of the defendant, the judgment was utterly void, and as such, could be objected to at any time and in any proceeding, whether direct or collateral. No title could be divested or transferred under it.

This supersedes the necessity of inquiring into the form of the sheriff's deed, for admitting it was strictly formal, it could not convey the title of Catharine Dwire, because the judgment against her, upon which it was founded, was void.

This action of ejectment was against the appellant and one Milum, the latter of whom was not served with process, and the judgment in the court below was against the *defendants,* and for this reason, the appellant asks us to reverse the judgment rendered against him. As against the appellant, the judgment was proper, and as to the other defendant it was

simply void. It can have no more effect upon the rights of the latter than as if it had not been written. Its legal effect is the same as if it had been rendered against the *defendant* in the singular number, when it would have been held as applicable to the defendant who was served and who was making defense. The action was in form trespass, and several against the defendants, and the plaintiff had a right to recover against either who was proved to be guilty.

The judgment must be affirmed.

*Judgment affirmed.*