# CHARLESTON.

JONES *et al. v.* CRIM & PECK, EXRS., *et als.*

Submitted January 19, 1909.   Decided November 23, 1909.

1.  EQUITY—*Pleading—Substance and not Form Regarded.*
    Equity regards the substance and not the mere form of pleadings, and a pleading although styled a petition, and filed for the purpose of reviewing the proceedings in a former suit, will, nevertheless, be treated as an original bill, if the matter averred is sufficient ground for an original suit.   (p. 303).

2.  SAME—*Want of Parties—Demurrer.*
    If a bill shows upon its face the want of proper parties, it is demurrable.   (p. 303).

3.  PROCESS—*Substituted Service—Compliance with Statute.*
    In order that substituted service of original process shall have the effect of actual service upon the party in person, the return must show that all essential provisions of the statute authorizing such substituted service have been strictly complied with.   (p. 304).

4.  JUDGMENT—*Validity—Defective Service.*
    A default decree rendered upon a defective substituted service of process is void for want of jurisdiction.   (p. 304).

5.  SAME—*Jurisdictional Recitals—Conclusiveness.*
    The recital in a decree to the effect that process was duly served upon a defendant is not conclusive evidence of proper

service, but must be considered as referring to the manner of service shown by the return on the process, which, if plainly contradictory, will prevail over the recital.   (p. 305).

6.   SAME—*Presumption of Proper Service of Process.*
Absence from the record of the return on the process showing the manner of service upon other defendants embraced in the recital in the decree along with the defendant upon whom imperfect service is shown to have been made by a particular return as to him, raises no presumption that such defendant was afterwards properly served.   (p. 305).

7.   QUIETING TITLE—*Cloud on Title—Sale Under Void Decree.*
A sale and Conveyance of land made under void decrees invests no title in the purchaser, but such deed may constitute a cloud upon the title of the true owner which a court of equity will remove.   (p. 307).

Appeal from Circuit Court, Barbour County.

Bill by Grover Jones and another against E H. Crim and another, Executors of J. N. B. Crim, deceased, and others.   Decree for complainants, and defendants appeal.

*Reversed and Remanded.*

*W. T. Ice, Jr.,* for appellants.

*W. T. George,* for appellees.

WILLIAMS, JUDGE:

This is an appeal from two decrees of the circuit court of Barbour county made on the 28th of September, 1906, and on the 22nd of April, 1908, respectively; the first is the order overruling the demurrer to plaintiff's petition, and the second is the final decree granting relief to plaintiffs.

In 1895 J. N. B. Crim brought a suit in equity against W. W. Jones and others to enforce the collection of certain liens against Jones' land.   The following lands were subject to liens and were sold, viz:   87½ acres which Jones held under contract of sale from Crim, to whom he owed $1,210.92 of the purchase money; 42 acres of surface and 42 acres of coal thereunder which had been severed, and a tract of 41 acres.

Crim had gotten judgments on the purchase money notes, and they thus became liens on the other lands, as well, but not the first liens on them.   All the liens amounted to $4,257.08 as of the 22d of May, 1897.   W. W. Jones made no appearance

and the lands were sold under decree taken *pro confesso,* as to him, and purchased by J. N. B. Crim at the price of $430.00. At the February term, 1898, the sale was confirmed and Melville Peck was appointed commissioner to make deed, and, on the 13th of December, 1900, the deed was executed to Crim.

W. W. Jones died in April, 1900, and J. N. B. Crim died, testate, some years after, and E. H. Crim and M. Peck qualified as his executors.

In September, 1906, Grover Jones and Ethel Jones, infants, suing by their next friend, filed their petition to have said cause reviewed and the decrees and deed annulled, as a cloud on their title, alleging that W. W. Jones had not been served with process, and that, therefore, the default decrees were void as to him. They prayed also for an injunction against Crim's executors, who were also his sole devisees, to prevent them from taking title to the lands, if deed had not then been made, and also to prevent them from encumbering or conveying the lands. Petitioners are the infant grandchildren of W. W. Jones, being children of a deceased son who had died some years before their grandfather died.

The demurrer to the petition was overruled, and this is one of the errors assigned. Among other matters the demurrer raises the question of the statute of limitations. Its application depends upon whether the decree is only voidable, or absolutely void; and this, in turn, depends upon whether, or not, there was proper service of process upon W. W. Jones.

The petition may be treated either as a bill of review, an original bill in the nature of a bill of review, or as a motion under section 4036, Code 1906, to correct a default decree for error in the record for which it should be reversed in an appellate court, because equity will regard the substance, and not the mere form, of the pleading. *Silman* v. *Stump,* 47 W. Va. 641; *Sturm* v. *Fleming,* 22 W. Va. 404; *Shenandoah Val. Bank* v. *Shirley,* 26 W. Va. 563; *Pethtel* v. *McCullough,* 49 W. Va. 520.

If the decree is absolutely void for want of jurisdiction of the person of W. W. Jones by proper service of process, the statute of limitations can have no application, and the decree may be avoided at any time; if void, it may be successfully assailed even collaterally.

With their petition plaintiffs exhibit a copy of the original process together with the return thereon of the manner of service upon W. W. Jones. It shows that it was served by a person not an officer, and the return is as follows: "I have executed the within summons upon W. W. Jones on the 22d day of Oct. 1895, by posting a copy of the within upon the front door of his dwelling house, no one being found there. Also on T. J. Jones by delivering him a copy in person on the 22d day of Oct. 1895.    J. B. KNAPP.

Sworn and subscribed to before me this Oct. 30, 1895, by said J. B. Knapp, J. H. FELTON, *Clk. N. P*".

This return is fatally defective. It does not show where service was had, which this Court has held in the case of *Lynch* v. *West,* 63 W. Va. 571, was necessary to be done. But whether, or not, the return in the present case would be fatally defective for this reason only it is unnecessary for us to decide, as there are other reasons rendering it void. The case of *Lynch* v. *West* may be distinguished from this one. That was a case where the court had jurisdiction of the action, only on the ground that it arose in the county where the suit was brought; and in such a case it is necessary to show, affirmatively, that the defendant was served with process in the same county where suit is brought before jurisdiction of his person could be acquired. Such is not true of the present case, as the court's jurisdiction is determined by the location of the land, and the court had jurisdiction over the person anywhere within the limits of the state. But the return is bad because it does not show that summons was *left* posted upon the door. It is also bad because it does not show that it was left posted upon the front door of defendant's *usual place of abode;* his "dwelling house" may not have been his usual place of abode; it may have been occupied by someone else; or, it may not have been occupied by anyone, and still have been his property, his dwelling house. It is also bad because it does not show that the defendant could not be found; it simply says he was not found at this dwelling house. Before substituted service can take the place of, and be equivalent to, an actual personal service, all the requirements of the statute regarding the manner of such substituted service must be strictly complied with. They were not complied with in this case, and the return is so fatally defective as to amount to no

service.   Such want of service renders the decrees based thereon absolutely void.   *Railway Co.* v. *Ryan,* 31 W. Va. 366; *Taylor* v. *Railway Co.* 35 W. Va. 328; *Adkins* v. *Insurance Co.,* 45 W. Va. 384; *Johnson* v. *Ludwick,* 58 W. Va. 464; *Settlemier* v. *Sullivan,* 97 U. S. 444.

In the case of *Railway Co.* v. *Ryan, supra,* SNYDER, Judge, in the opinion says:   "An invalid service is the same as no service whatever; and the law is well settled that a judgment rendered without an appearance by or service upon the defendant is void for the want of jurisdiction in the court to pronounce judgment." To the same effect are all the authorities above cited.

The recital in the decree that process was duly served upon W. W. Jones is not conclusive; it is only *prima facie* true, and the process and return thereon may be looked to to contradict it.   Black on Judgments, section 273; *Pardon* v. *Dwire,* 23 Ill. 572; *Harris* v. *Sargent,* 37 Or. 41; *Settlemeier* v. *Sullivan,* 97 U. S. 444; *White* v. *White,* decided at the present term of this Court, and cases cited in the opinion by MILLER, President. Notwithstanding the recital in the decree shows that the court considered, and passed upon the return, and held it to be sufficient, thus constituting judicial error, still, it is error going to the jurisdiction of the court, and renders the decree void, not merely voidable.

But it is insisted by counsel for appellants that W. W. Jones might have been afterwards served with process in a proper manner; that the return showing such service might appear on some other copy of the process, if any, which shows the return as to the other defendants, Howell, Gall and O'Neal, against whom process issued at the same time it issued against Jones, and who were shown by the November rules, to which the summons was returnable, to have been served with process; that the summons containing the return as to them not being exhibited with plaintiffs' petition as a part of the record, the presumption is, that if the return as to them were exhibited it would show return of another and a proper service as to W. W. Jones also.   We do not think any such presumption arises.   It is true that, in the absence of any process whatever showing service as to W. W. Jones, the recital in the decree that he had been properly served would be conclusive of proper service.   But, when it is shown by the return actually made as to a certain defendant, the presumption

that this was the only service as to such defendant; and this would have to be rebutted by some other part of the record showing another and a valid service. Mr. Justice Field, in *Settlemier* v. *Sullivan*, 97 U. S. 444, at page 449, says: "Other service will not be presumed from its assumption in a recital in the entry of a default."

The service of process is so fatally defective as to amount to no service at all, and the decrees are absolutely void. Consequently, the limitations of time in which to file a bill of review, or to make a motion under the statute to correct a default decree for error for which the same would be reversed on appeal, have no application.

But appellants assign another reason why the demurrer should have been sustained, which is, that the two petitioners are shown by the petition, or bill, not to be all the heirs at law of W. W. Jones, deceased. The bill alleges "that W. W. Jones departed this life intestate on the 3rd day of April, 1900, and left petitioners as heirs at law of the said W. W. Jones, but not as the sole heirs at law of the said W. W. Jones, that E. R. Dyer is administrator of said W. W. Jones." This point in the demurrer is well taken; it was necessary to make all the heirs of W. W. Jones parties, either plaintiffs or defendants, so that their rights might have been adjudicated and determined in the same suit.

Petitioners, because of their infancy, have no greater rights than the other heirs. If the statute could be invoked as a bar to the suit, the infants would also be barred, because the statute had begun to run before the death of their ancestor, and having once begun it would continue notwithstanding disability. But it does not apply. *Snider* v. *Brown,* 3 W. Va. 143; *Clayton* v. *Henley,* 32 Grat. 65; *Pappenheimer* v. *Roberts,* 24 W. Va. 702; *Hill* v. *Proctor,* 10 W. Va. 59. When the want of necessary parties appears upon the face of the bill, the defect can be raised by demurrer. See authorities last above cited.

Petitioners allege that they are in possession of the land and that the aforesaid void decrees and the deed made pursuant thereto, constitute a cloud upon their title, and they pray to have the same removed. This allegation is good when applied to a part of the land, but not good as to the 87½ acres, because as to his tract their ancestor had no title. W. W. Jones held this nd only by virtue of a contract of sale under J. N. B. Crim

who yet held the legal title. Consequently, petitioners were holding under and not adverse to, the Crim title. They had no title to this 87½ acres to be beclouded; and, not until they should become invested with good title to this tract, could they maintain a suit to remove cloud from it. *Smith* v. *O'Keeffe*, 43 W. Va. 172; *Hitchcox* v. *Morrison*, 47 W. Va. 206; *Mills* v. *Henry Oil Co.*, 57 W. Va. 255. In fact, the very cloud they were seeking to have removed resulted from an ineffectual effort of J. N. B. Crim to enforce the collection of the purchase money which was, and still is, a lien upon said land, the legal title to which is now either in the heirs at law of Crim, or in the devisees under his will; the orders and decrees, and the deed made thereunder, in the suit of *J. N. B. Crim* v. *W. W. Jones,* and others, being absolutely void, the parties would be left in *statu quo.*

In view of the fact that all of the heirs of W. W. Jones, deceased, were not before the court, the decree of April 22, 1908, was prematurely made; and the decree of September 28, 1906, overruling the demurrer, was erroneous. These decrees will be reversed, and the cause remanded to the circuit court of Barbour county, with leave to the petitioners to amend their petition, or bill, and to be further proceeded with according to the principles announced in this opinion, and further according to the rules and principles governing courts of equity.

*Reversed and Remanded.*