# CHARLESTON.

## STATE *v.* VIRGIL BAILEY.

Submitted November 11, 1919.    Decided November 18, 1919.

1.  CRIMINAL LAW—*Sentence of Imprisonment—Necessity of Appearance of Accused.*

    Upon an indictment for a misdemeanor, return of service of process thereon and non-appearance of the accused to answer the indictment, the case may be tried and a verdict returned in his absence; but, if the court intends to impose a sentence of imprisonment as part of its judgment, the entry of judgment must be deferred until the accused shall have appeared in court or shall have been apprehended and brought in    (p. 167).

2.  SAME—*New Trial—Defective Process or Return.*

    If, in such case, the process is insufficient, or, it being sufficient, the return thereon is insufficient, a motion of the accused to set aside the verdict and award him a new trial, made on his appearance in court, should be sustained.

3.  SAME—*Process After Indictment—Capias as Summons.*

    A *capias* is not the legal equivalent of a summons awarded on an indictment, and, if executed as a summons might be, it need not be obeyed or regarded.    (p. 168).

4.  SAME—*Return on Summons—Substituted Service.*

   If endorsed upon a summons, a return saying only that the paper had been read to the mother of the defendant named therein, on a certain day in a certain county, would be palpably insufficient by reason of omission of statutory requisites of a return of substituted service.  (p. 168).

5.  SAME—*New Trial—Process as Part of Record.*

   A verdict in a misdemeanor case, returned in the absence of the prisoner, he having been served with process and failed to appear, is analogous to a judgment by default, and, for the purposes of a motion for a new trial, the process is a part of the record.  (p. 167).

6.  SAME—*Appeal—Record of Service of Process and Return.*

   A recital in an order, in such case, to the effect that process has been duly executed upon the defendant, is overthrown by the presence in the record of a paper relied upon as process, which is insufficient, and bearing an endorsement relied upon as a return of service, which would be insufficient, if founded on a valid process.  (p. 167).

Error to Circuit Court, Wyoming County.

Virgil Bailey was convicted of unlawfully carrying a pistol, and he brings error.

*Reversed and remanded.*

*E. W. Worrell,* for plaintiff in error.

POFFENBARGER, JUDGE:

Coming into court with his motion to set aside a verdict found against him, in his absence, on an indictment for unlawful carrying of a pistol, and to grant him a new trial, on the ground of lack of service of process upon him, the plaintiff in error was subjected to a judgment on the verdict, carrying a fine of $50.00 and imprisonment in the county jail for a period of six months, the court having overruled his motion. Of this judgment as well as the adverse ruling on his motion, he complains.

If a summons on the indictment was ever issued, it does not appear to have been served. The indictment was found and process directed to issue thereon, at the May Term 1917. At the August Term of the same year, some kind of process having been returned unexecuted, an order reciting the fact and direct-

ing an *alias capias* to issue, was entered. A similar order was entered at the November Term, 1917. The accused was not taken under that writ, but the officer returned it as having been "executed" on him "by reading same to Sarah F. Bailey his Mother * * * on the 18th day of Jan. 1918." At the February Term, 1918, the court entered an order reciting due execution of the process upon the defendant and his failure to appear and impanneling a jury to try an issue raised by a plea of not guilty entered for the accused by the court. The verdict in question was returned and the court, deferring entry of judgment, on account of the absence of the accused, awarded a *capias ad audiendum judicium,* which was returned not executed. Whether the accused was seized upon any alias writ subsequently awarded, is not disclosed, but he appeared in person and by attorney, at the February Term, 1919, and made the motion above mentiond.

If the indictment is good and a valid summons had been sufficiently served upon him, the verdict would have to stand and the judgment complained of could have been rightfully entered upon it. In such case, the non-appearance of the defendant in an indictment for a misdemeanor is a confession of the facts averred in the indictment, or waiver of right of defense as to them, unless excused by reason of fraud perpetrated upon him, accident or other misfortune constituting ground for a new trial; and his defense, in resistance of judgment on the verdict found in his absence, is limited to matter justifying vacation of a judgment by default, such as insufficiency of the indictment, summons, return or verdict and other defects which need not be mentioned. *State* v. *Dolan,* 58 W. Va. 263; *State* v. *Campbell,* 42 W. Va. 246; *Pifer's Case,* 14 Gratt. 713; *Crump's Case,* 1 Va. Cas. 172; *Son* v. *People,* 12 Wend. (N. Y.) 344; 1 Chitty. Cr. Law 695.

As the accused had made no appearance until after rendition of the verdict, it was rendered as upon a default, and the question of its validity depended upon the record, as does that of a judgment by default. In such cases, the writ or process is a part of the record. *Town of Point Pleasant* v. *Greenlee and Harden,* 63 W. Va. 207; *Amiss* v. *McGinnis,* 12 W. Va. 371, 374; *Wainright* v. *Harper,* 3 Leigh 270; *Nadenbush* v. *Lane,*

4 Rand. 413. The recital of due service of process in the order is not conclusive, if the process found in the record necessarily proves the contrary thereof. It is presumptively correct and will prevail in the absence of record evidence necessarily contradicting it. *Point Pleasant* v. *Greenlee and Harden,* cited; *Central etc. Tel. Co.* v. *Parkersburg etc. Railway Co.,* 76 W. Va. 120; *Moore* v. *Green,* 90 Va. 181; *Ferguson's Adm'r.* v. *Tell et al.,* 82 Va. 690; *Hill* v. *Woodward,* 78 Va. 765. The *alias capias* read to the mother of the accused is the only process found in the record, and, presumptively, is the only paper treated as executed process by the trial court. If it is not the equivalent of a summons, or, if it is and the return thereon is insufficient, the recital of the order is clearly contradicted and shown to be untrue, by the paper found in the record and treated by the court as being executed process. The recital must be considered as referring to that paper and the manner of service shown by it and as construing it as being process and the endorsement thereon as being a sufficient return. *Jones* v. *Crim and Peck,* 66 W. Va. 301; *Railway Co.* v. *Ryan,* 31 W. Va. 366; *Taylor* v. *Railway Co.,* 35 W. Va. 328; *Adkins* v. *Insurance Co.,* 45 W. Va. 384; *Johnson* v. *Ludwick,* 58 W. Va. 464; *Pardon* v. *Dwire,* 23 Ill. 572.; *Settlemier* v. *Sullivan,* 97 U. S. 444; *Harris* v. *Sargent,* 37 Or. 41; Black on Judgments, Sec. 273.

The *capias* was not a summons to appear on a certain day. It commanded seizure of the accused and production of his body in court. Legally it could not have been executed by any act short of an arrest. Hence, it was not the equivalent of a summons, and, if actually served upon the accused, as a summons might have been, it would not have amounted to process duly executed.

It is hardly necessary to observe that the return would be insufficient, if endorsed upon a valid summons. It does not show that the mother was a member of the family of the accused; that a copy of the paper was delivered to her; that the attempt at service was made at his place of abode; or that he was not found thereat. These are statutory requisites of a return of substituted service. Code, ch. 121, sec. 1.

The judgment is clearly erroneous and will be reversed, the

verdict set aside and the case remanded for a new trial, the court now having jurisdiction of the person of the accused, by reason of his general appearance at the date of the making of the motion hereinbefore referred to.   16 C. J. 310, citing numerous decisions.

*Reversed and remanded.*