MARIE MAY MOLLOHAN

*v.*

NORTH SIDE CHEESE COMPANY, *et al.*

(No. 10963)

Submitted February 3, 1959.    Decided March 10, 1959.

*John Crynock, Farmer & Farmer, George R. Farmer, Jr.,* for plaintiff in error.

*Robert T. Donley, Hale J. Posten,* for defendants in error.

BROWNING, JUDGE:

Plaintiff, in this action of trespass on the case, caused summonses to issue from the office of the Clerk of the Circuit Court of Monongalia County on September 24, 1956, directed to the Sheriff of that county, and returnable to October Rules. There is no return of service endorsed by the Sheriff thereon; however, the record discloses that such process was transmitted by letter of the Circuit Clerk of September 24, 1956, to the Auditor of this State for service upon him, as statutory agent for defendants as nonresident motorists, the addresses of both the corporate and individual defendants being given as certain box numbers in Pittsburgh, Pennsylvania. The Auditor accepted service on behalf of both defendants on September 26, 1956, and, by registered mail, forwarded the summonses to the defendants at their Pennsylvania addresses requesting return receipts. Both letters were subsequently returned to the Auditor's office on October 10, 1956, the envelopes bearing the following notations: "Postmaster: Deliver to Addressee Only."; "Second Notice. No Reply To First Notice Mailed. Oct, - 2, 1956."; "Return To Writer — Reason Checked — Unclaimed; Refused; Unknown; Insufficient Address; Moved, Left No Address; * * *." Behind each reason stated, there is a blank space consisting of several dots, presumably in which to place a check mark. On each envelope a penciled cross, consisting of one vertical and one horizontal line, was placed in the space following the word "Unknown", the horizontal line being entirely within that space, while

the vertical line is extended in both directions into the spaces following the words "Unclaimed" and "Insufficient Address", those being the words immediately above and below, respectively, the word "Unknown".

The case having "matured" for trial at the January term of court and a declaration having been previously filed, on motion of the plaintiff, the Common Order was confirmed and a writ of inquiry executed resulting in a verdict for plaintiff in the amount of $7,500.00. The judgment, entered February 4, 1957, contains the following recital: "* * * that process commencing said action was issued for service upon said Defendants as provided by Chapter 56, Article 3, Section 31, of the official Code of West Virginia, and the return of service of said process being ambiguous on its face, the Court thereupon heard evidence of witnesses produced concerning the actual facts pertaining to the service of said process, and it now appearing to the Court from said return and the evidence so adduced that said process has been served upon the Defendants as provided by law, it is therefore ordered by this Court that judgment entered in the Clerk's Office of this Court against said Defendants stand confirmed. * * *" The evidence referred to was not reported.

Shortly thereafter the January term of that court was adjourned and on May 28, 1957, at the April term of court, the defendants, appearing specially, moved to reverse the judgment of February 4, 1957, assigning several grounds in support thereof, including the ground that the Auditor's acceptance of service on behalf of the defendants did not comply with the provisions of Chapter 47, Acts of the Legislature, Regular Session, 1937, Michie's Code, 1955, Serial Section 5555 (1), and, on July 22, 1957, the court entered its order in which it sustained such motion to reverse the judgment and award a new trial to the plaintiff, the order stating: "* * * doth hereby sustain said motion on the ground that altho the Auditor of the State of West Virginia actually accepted service of process yet there is no return receipt therefor signed by

Defendants or their authorized agent or any notation upon the envelopes containing the process forwarded by the Auditor to the Defendants that delivery of said process had been refused by Defendants, * * *."

Upon petition of the plaintiff, this Court granted a writ of error on February 17, 1958, to the judgment of July 22, 1957. The defendants now cross-assign as error the action of the Circuit Court of Monongalia County in awarding plaintiff a new trial.

The pertinent statutory provisions are:

Chapter 47, Acts, 1937, Michie's 1955 Code, §5555(1):

"* * *.

"(a) * * * Service of such process shall be made by leaving the original and a copy thereof with the certificate aforesaid of the clerk thereon, and a fee of two dollars with said auditor, or in his office, and said service shall be sufficient upon said non-resident: Provided, that notice of such service and a copy of the process shall forthwith be sent by registered mail, return receipt requested, by said auditor to the defendant, *and the defendant's return receipt signed by himself or his duly authorized agent* or the registered mail so sent by said auditor is refused by the addressee and the registered mail is returned to said auditor, or to his office, *showing thereon the stamp of the post office department that delivery has been refused,* is appended to the original process and filed therewith in the clerk's office of the court from which process issued." (Italics supplied.)

Code, 58-2-4: "The court in which there has been a judgment by default, or a decree on a bill taken for confessed, or the judge of such court in vacation thereof, may, on motion, reverse such judgment or decree for any error for which an appellate court might reverse it, if section seven of this article were not enacted, and give such judgment or decree as ought to be given."

There was no appearance in this action by the de-

fendants until after the entry of judgment against them. Therefore, it is a default judgment. 11 M. J., Judgments and Decrees, §186, *Nat'l. Exchange Bank* v. *McElfresh, etc., Mfg. Co.*, 48 W. Va. 406, 37 S. E. 541. Within the period prescribed by Code, 58-2-4, the defendants made a motion to reverse the judgment, but, since the term of court had ended at which the judgment had been entered, the trial court could reverse the judgment only for such error as "an appellate court might reverse it." The judgment entered on February 4, 1957, recites that: "* * * the return of service of said process *being ambiguous on its face,* the Court thereupon heard evidence of witnesses produced concerning the actual facts pertaining to the service of said process, * * *." (Italics supplied.), but that evidence is not a part of the record before this Court.

It was held in *Jones et al.* v. *Crim & Peck, Exrs., et al.*, 66 W. Va. 301, 66 S. E. 367, that: "* * * Before substituted service can take the place of, and be equivalent to, an actual personal service, all the requirements of the statute regarding the manner of such substituted service must be strictly complied with. * * *"

The precise question presented upon this writ of error has not been decided by this Court. While the Auditor accepted service of process delivered to him by the plaintiff and promptly sent by registered mail, return receipts requested, to the defendants, copies of the process, the record before this Court shows that there is no return receipt signed by either of the defendants, or their duly authorized agents, nor does the registered mail sent by the Auditor show that it was refused by either of the defendants. It is true that the judgment order of February 4, 1957, states that evidence was taken to determine whether the process had been served upon the defendants as provided by law, "the return of service of said process being ambiguous on its face, * * *.", and it was found in the order that process had been served upon the defendants as provided by law. Although this Court originally adopted the verity rule, both as to sheriff's return upon

process and the recital of an order or decree of a trial court of such service, in *Stepp* v. *The State Road Commission, et al.,* 108 W. Va. 346, 151 S. E. 180, it was held otherwise, and the Court said: "* * * But we have receded from the verity rule as to the sheriff's return, where it clearly and convincingly appears that the return is false. * * *. The same reasons impel a modification of the doctrine of verity in the court's decree as to service and return of process, * * *." In *The Calhoun County Bank, etc.* v. *Ellison, Admr.,* 133 W. Va. 9, 31, 54 S. E. 2d. 182, the present rule adhered to by this Court is stated "that recitals in a decree, though not conclusive, are presumptively correct and will prevail in the absence of record evidence which necessarily contradicts them", citing *Taylor* v. *Taylor,* 128 W. Va. 198, 36 S. E. 2d. 601; *Stepp* v. *State Road Commission, supra;* and *State* v. *Bailey,* 85 W. Va. 165, 101 S. E. 169. Thus the trial court upon the motion to reverse was not bound by its former finding if the record before it was plainly contradictory to the recital in its former judgment.

It is clear from an inspection of the record that the recital in the former order that process had been served upon the defendants is contradictory to the record if it is necessary to good service under the statute, not only that the Auditor accept service, but that notice thereof be mailed to the defendants and return receipts executed by the defendants, or their duly authorized agents, or that the registered mail shows it was refused by the addressees. The law upon that question seems well settled. In *Hess* v. *Pawloski,* 274 U. S. 352, 71 L. Ed. 1091, 47 Sup. Ct. 632, the Supreme Court of the United States held that the nonresident motorist statute of the State of Massachusetts, which is similar although not identical to our statute, was not in conflict with the due process clause of the 14th Amendment to the Constitution of the United States. The Massachusetts statute provided for service upon the registrar of that State, and further provided that: "* * * notice of such service and a copy of the process are forthwith sent by registered mail by the

plaintiff to the defendant and the defendant's return receipt * * * are appended to the writ and entered with the declaration." However, in *Wuchter* v. *Pizzutti*, 276 U. S. 13, 72 L. Ed. 446, 48 Sup. Ct. 259, the nonresident motorist statute of the State of New Jersey, which provided that service upon a nonresident motorist could be secured by serving the summons upon the Secretary of State without any provision for notification of the defendant by the Secretary of State, or anyone else, of the institution of the action, was held invalid as being repugnant to the 14th Amendment. The court held that such service "without more" was not sufficient. In the opinion, the court said: "* * * Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the postoffice address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant." In *Spearman et al.* v. *Stover*, 170 So. 259, (La., 1936), under a statute providing that service of process should be made against a nonresident motorist by serving a copy of the petition on the Secretary of State, and that such service should be sufficient, provided that notice of such service together with a copy of the petition and citation was sent by registered mail to the defendant and the defendant's return receipt or affidavit of the party delivering the petition in case notice was made by actual delivery, was filed in the proceedings before judgment could be entered against the nonresident, it was held, that where the giving of the required notice was attempted only by registered mail, a valid and binding judgment against the defendant was not authorized until after his return receipt was filed in the proceedings. See also *Dwyer* v. *Shalck*, 248 N. Y. S. 355 (N. Y., 1931) ; 57 A.L.R. 1239.

Substituted service of a summons by serving it upon the Auditor of this State is a very severe departure from the common law and strict adherence to the requirements of the act is essential to its validity. This Court

so held in the recent case of *Crawford* v. *Carson,* 138 W. Va. 852, 78 S. E. 2d. 268, 38 A.L.R. 2d. 1191, but the question at issue there was one of venue rather than the service of process. This Court there held that an action against a nonresident motorist must be brought in the county where the accident occurred rather than the county where the plaintiff resided.

There appears to be some conflict in the cases from other jursdictions as to whether service of process upon a state official and the acceptance of service by him constitutes the "service" of process upon the nonresident motorist, and that the giving of notice to him is a condition subsequent to the validity of service, or whether the notice to the nonresident motorist after service upon the state official constitutes "completed" service upon the latter. 82 A.L.R. 773; 96 A.L.R. 597, 599; 125 A.L.R. 469; 138 A.L.R. 1464. However, we perceive no significance in this divergence of views upon the issues presented in this case. The default judgment entered against the defendants was void because they were not served with process as prescribed by law. Their "true and lawful attorney", the Auditor of this State, was properly served and accepted service of the summonses, but that was not sufficient to give the trial court "jurisdiction" of the defendants. As required by the statute, the Auditor sent a copy of the process by registered mail to each of the nonresident defendants to the addresses furnished by the plaintiff. But there is no return receipt showing that such mail was received by either of the defendants, nor do the registered letters which were returned show that they, or either of them, were "Refused" by the addressees. On the contrary, the letters show by the "stamp of the postoffice department" that the addressees are "Unknown". The judgment of the trial court of July 22, 1957, insofar as it sustained the motion of defendants to reverse the default judgment of February 4, 1957, will be affirmed.

However, we find that it was error to grant the plaintiff a new trial. The defendants have not validly been

served with process. Therefore, the Common Order, the writ of inquiry, the verdict of the jury and the judgment order of February 4, 1957, are void. This case has not matured for trial.

*Affirmed in part;*
*reversed in part;*
*and remanded.*