FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

SPARTAN MINING CO., INC., a corporation; LMC Enterprises, Inc., a corporation; Michael A. Schaffer; and Leonard Malin, Defendants.

Civ. A. No. 81–2185.

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 16, 1983.

---

P. Rodney Jackson, DiTrapano & Jackson, Charleston, W.Va., for plaintiff.

Richard E. Rowe, Goodwin & Goodwin, Charleston, W.Va., for defendants.

## MEMORANDUM ORDER

COPENHAVER, District Judge.

This matter is before the court on the motion of defendants Michael A. Schaffer and Leonard Malin to set aside a default judgment entered against them in the above-styled civil action on December 15, 1981. Fed.R.Civ.P. 60(b). The record before the court includes affidavits of the defendants, documentation of the transactions at issue and evidence presented at the hearing on the motion.

### I.

The plaintiff, *sub nom* First National Bank of South Charleston, instituted this action on May 28, 1981, to recover on a promissory note made by Spartan Mining Co., Inc., and guaranteed by the other defendants, residents of the State of New York. Schaffer and Malin guaranteed the note as individuals. The record shows that they were also the president and secretary, respectively, of LMC Enterprises, Inc., and Hamilton Associates, Inc., and signed the guaranties of those entities in their corporate capacity.[1]

Plaintiff served process on the defendants pursuant to the West Virginia long arm statute, W.Va.Code § 56–3–33, posting bond and serving the secretary of state as required by § 56–3–33(c). The secretary, in turn, sent a copy of the summons and complaint by certified mail, return receipt requested, to each of the defendants. The address used for the three corporate defendants was 355 Lexington Avenue, New York, New York; for Schaffer, 65 Gail Drive, New Rochelle, New York; and for Malin, 9 Ontario Road, Bellerose Village, New York.

The return receipt for Schaffer, dated June 12, 1981, is signed "M. Lipton," who, according to Schaffer's affidavit, is his mother-in-law and a member of his household. Schaffer states that she did not deliver the summons and complaint to him or tell him that he had received a registered letter. However, representations of counsel for the defendants at the hearing shows that Schaffer knew of the lawsuit, as he contacted counsel in New York State shortly after service was made on Spartan Mining and LMC (and presumably on himself) with respect to what action he should take if service was improper. The return receipt for Malin, dated January 26, 1981, is signed "Malin." According to Malin's affidavit, this is not his signature; however, he acknowledges that the signature "L. Malin" on the return receipt for LMC Enterprises, Inc., is his.[2]

When none of the defendants answered or otherwise appeared in this action, plaintiff made a request for entry of default and judgment pursuant to Fed.R.Civ.P. 55(a). The affidavit filed by plaintiff's counsel in support of the request stated that service of process had been made on defendants Spartan Mining, LMC Enterprises, Schaffer and Malin, that defendants had failed to answer or otherwise reply, and that the defendants were indebted to the plaintiff in the amount of $101,844.98 plus interest and costs, as set forth in the complaint. The complaint states that this amount is the sum owing after Spartan Mining defaulted on its note, at which time, by the terms of the note, the unpaid balance was accelerated and became immediately due and payable.[3] The Clerk entered default and judgment on December 15, 1981, pursuant to Fed.R.Civ.P. 55(a) and (b)(1). Schaffer and Malin filed their motion to set aside this judgment on October 19, 1982. Fed.R. Civ.P. 55(c).

### II.

Rule 60(b) of the Federal Rules of Civil Procedure enumerates the grounds on which a court may relieve a party from final judgment. With respect to a motion to set aside a default judgment, a court should also consider whether defendants

---

1. Complaint, Exhibits B, C, D.

2. The signature on the return receipt for Spartan Mining may also be Malin's.

3. Complaint and Exhibit A thereto.

would have a meritorious defense to the action and whether they exercised reasonable diligence in seeking to have it set aside. *United States v. Moradi,* 673 F.2d 725 (4th Cir.1982); *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245 (4th Cir. 1974); 10 Wright and Miller, *Federal Practice and Procedure,* §§ 2692, 2695–2699.

In their motion, Schaffer and Malin present a number of grounds to support the relief sought. In the main, they argue that service of process was defective in that it did not comply with statutory requirements and therefore the court never acquired personal jurisdiction over them. If this assertion is correct, then the judgment would be void. Fed.R.Civ.P. 60(b)(4).

Service on these defendants was accomplished pursuant to W.Va.Code § 56–3–33, the West Virginia long arm statute, which provides in pertinent part:

(c) At the time of filing a complaint and before a summons is issued, the plaintiff, or someone for him, shall execute a bond in the sum of one hundred dollars before a clerk of the court, with surety to be approved by said clerk, conditioned that on failure of the plaintiff to prevail in the action or proceeding that he will reimburse the defendant, or cause him to be reimbursed, the necessary taxable costs incurred by him in and about the defense of the action or proceeding in this state, and upon the issuance of a summons, the clerk shall certify thereon that such bond has been given and approved. Service shall be made by leaving the original and two copies of both the summons and the complaint with the certificate aforesaid of the clerk thereon and a fee of two dollars with the secretary of state, or in his office, and such service shall be sufficient upon such nonresident; Provided, that notice of such service and a copy of the summons and complaint shall forthwith be sent by registered or certified mail, return receipt requested, by the secretary of state to the defendant and the defendant's return receipt signed by himself or his duly authorized agent or the registered or certified mail so sent by

the secretary of state which is refused by the addressee and which registered or certified mail is returned to the secretary of state, or to his office, showing thereon the stamp of the post-office department that delivery has been refused, shall be appended to the original summons and complaint, and filed therewith in the clerk's office of the court from which process issued. If any defendant served with summons and complaint fails to appear and defend within thirty days of service, judgment by default may be rendered against him at any time thereafter. The court may order such continuances as may be reasonable to afford the defendant opportunity to defend the action or proceeding.

. . . .

(e) The following words and phrases, when used in this section, shall for the purpose of this section and unless a different intent be apparent from the context, have the following meanings:

(1) "Duly authorized agent" means and includes among others a person who, at the direction of or with the knowledge or acquiescence of a nonresident, engages in such act or acts and shall include among others a member of the family of such nonresident or person who, at the residence, place of business or post office of such nonresident, usually receives and receipts for mail addressed to such nonresident.

(2) "Nonresident" means any person, other than voluntary unincorporated associations, who is not a resident of this state or a resident who has moved from this state subsequent to engaging in such act or acts, and among others includes a nonresident firm, partnership, or corporation or a firm, partnership, or corporation which has moved from this state subsequent to any of said such act or acts.

Malin contends that service is defective as to him because he did not sign the return receipt and was never served with a copy of the summons and complaint or told that anyone had accepted it for him. Schaffer contends that service is defective as to him

because he did not receive a copy of the summons and complaint. He also suggests that his mother-in-law was not a "duly authorized agent" within the meaning of the statute because she did not usually "receive and receipt for mail addressed to him."

Service of process serves a dual function, both related to the jurisdiction of the court. It is necessary to bring a defendant within the power of the court. *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Minter v. Weil Corset Co., Inc.,* 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652 (1923). It also serves to satisfy the requirements of due process by giving notice to a defendant of the proceeding pending against him. *Milliken v. Meyer, supra.* When service is made according to Fed.R.Civ.P. 4(e), a federal court must look to the law of the state whose statute is invoked under the rule to determine the validity of service and hence of jurisdiction, keeping in mind the constitutional dimensions of both power and notice. *See, Green v. Carlson,* 581 F.2d 669 (7th Cir.1978), *aff'd* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Lisowski v. Schaack,* 71 F.R.D. 570 (E.D.Wis.1976); 2 *Moore's Federal Practice,* § 4.41–1[1].

■ The purpose of the West Virginia long arm statute, W.Va.Code § 56–3–33, is to allow a court of that state to exercise personal jurisdiction over nonresident defendants when the acts of those defendants have certain contacts with the state. The statute specifies that the engaging in one or more of these acts signifies an agreement that process, if served in the manner provided, will have the "same legal force and validity as though such nonresident were personally served with a summons and complaint within [the] state." W.Va.Code § 56–3–33(a). Defendants do not contend that they did not engage in acts which would make them amenable to service in West Virginia. Therefore, Malin and Schaffer may be deemed to have consented to service of process and, as a result, to this court's exercise of jurisdiction over them, provided there was compliance with the statutory method of service.

Service under § 56–3–33 is to be accomplished by executing a bond and by depositing the original and two copies of the summons and complaint with the secretary of state. The secretary's role is that of statutory attorney-in-fact for acceptance of service. W.Va.Code § 56–3–33(a). There is no dispute that these requirements, together with payment of the prescribed fee, have been complied with here. Service, then, is valid and the court has jurisdiction over Malin and Schaffer ·unless some defect in the notification of the defendants by the secretary of state affects the validity of service and thus deprives the court of jurisdiction to render a default judgment. *See Mollohan v. North Side Cheese Co.,* 144 W.Va. 215, 107 S.E.2d 372 (1959) (in dictum court suggests that service on a state official under statute authorizing service of process on nonresident motorists may constitute the "service," with notice to the motorist a condition subsequent to its validity).

■ The provisions of W.Va.Code § 56–3–33(c) for mailing a copy of the summons and complaint to a defendant by the secretary of state by registered or certified mail with a return receipt to be signed by the defendant or his agent, as incorporated in the "Provided" clause of that section, are concerned with the notice function of service of process. Notice provisions are constitutionally sufficient if they are "reasonably calculated to give [a party] actual notice of the proceedings and an opportunity to be heard." *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). *See Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *State ex rel. Cheryle Thomas v. Neal,* 299 S.E.2d 23 (W.Va.1982) (federal and state due process clauses require adequate notice and opportunity to be heard); *Mollohan v. North Side Cheese Company,* 144 W.Va. 215, 107 S.E.2d 372 (1959) (statute providing for service on nonresident motorist must include provision for notice to defendant where initial service to be made on secretary of state). The provisions for notice in W.Va.Code § 56–3–33(c) meet that standard since compliance with

the mailing and receipt provisions would insure that the recipient received actual notice, either directly or through a person who would usually receive mail for and turn it over to the addressee.

■ On the face of the return of service record these provisions were complied with inasmuch as a copy of the summons and complaint was sent to each of these defendants at their respective addresses and both receipt cards were returned signed—with what appeared to be the addressee's signature in Malin's case and what could be presumed to be a "duly authorized agent" in Schaffer's case. West Virginia does not require actual notice for service of process to be valid where the statutory requirements for notification have been met. In *Huntington Cab Co. v. American Fidelity and Casualty Co., Inc.,* 4 F.R.D. 496 (S.D.W. Va.1945), the court ruled that under an analogous West Virginia statute providing for service of process on foreign corporations, W.Va.Code § 3083 (1943), service on the auditor (read secretary of state) was "sufficient to give the court jurisdiction to render a valid [default] judgment against the defendant." *Id.* at 497. Section 3083 required the auditor to transmit process by registered mail to the address furnished by the corporation. The auditor sent notice to the corporation by ordinary mail to a non-current address. No acknowledgement of service was ever received. The corporation testified that it had not received the summons and complaint and had no actual notice of the proceedings. Lack of notice was held not to affect the jurisdiction of the court but rather to constitute grounds for setting aside the judgment under Rule 60(b)'s provisions for "mistake, inadvertence, surprise or excusable neglect." *See Cordell v. Jarrett,* 301 S.E.2d 227 (W.Va. 1982).

■ The court concludes that in this case service of process on the secretary of state and subsequent notice to Malin and Schaffer in the manner provided by W.Va.Code § 56–3–33 were sufficient both to give this court jurisdiction to enter a default judgment against these defendants and to meet constitutional due process and state law standards for notice. This conclusion is in accord with *Virginia Lime Co. v. Craigsville Distributing,* 670 F.2d 1366 (4th Cir.1982), in which the Fourth Circuit held that when the statutory requirements for service of process under the Virginia long-arm statute had been facially complied with by mailing notice to defendant's "last known address," service was proper and due process satisfied even though defendant contended that the address was not its last known address and service had been refused by its agent for that reason. *See* W.Va.Code § 56–3–33; *Patel v. Southern Brokers, Ltd.,* 289 S.E.2d 642 (S.C.1982) (construing similar South Carolina statute); *Stateside Machinery Co., Ltd. v. Alperin,* 591 F.2d 234 (3rd Cir.1979) (*semble* with respect to Pennsylvania statute). Similarly, in *Karlsson v. Rabinowitz,* 318 F.2d 666 (4th Cir.1963), the court held that substituted service under Fed.R.Civ.P. 4(d)(1) was sufficient to confer jurisdiction where service was made at what defendant contended was no longer his "dwelling house or usual place of abode." The court emphasized the fact that the defendant had actual notice of the commencement of the action.[4]

■ In the case at bar, actions taken by the defendants in ignoring that of which they were well aware may have amounted to refusal of service. In any event, it is clear that Schaffer contacted his attorney shortly after service was made on the other defendants and that Malin signed a return receipt card for co-defendant LMC Enterprises, Inc. Under these circumstances, the court concludes that delivery of the summons and complaint to the respective ad-

---

4. *See Mollohan v. North Side Cheese Co.,* 144 W.Va. 215, 107 S.E.2d 372 (1959) (default judgment invalid where record did not include signed return receipts or show that service was refused); *Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia,* 523 F.Supp. 1076 (D.Md.1981)

(plaintiff's compliance with statutorily authorized provisions for substitute service reasonably calculated to inform defendant of pendency of suit sufficient to confer jurisdiction to enter default judgment even though defendant did not receive actual notice).

dresses of each Schaffer and Malin, coupled with their actual notice of the pendency of these very proceedings against them from the outset, was sufficient notification even though they may not, as claimed, have personally received in their individual capacities the papers served. Moreover, as further developed below, since they had actual notice of the pendency of this litigation from the beginning, they cannot claim "excusable neglect" as grounds for setting aside the default.

### III.

■ Defendants' further reasons for setting aside the default judgment are without merit. Defendants assert that they have a meritorious defense to this action in that the First National Bank of South Charleston made misrepresentations concerning the quality and condition of the equipment which the loan proceeds were used to purchase and failed to conduct a commercially reasonable sale of this equipment upon repossession under the terms of the note. While defendants, on a motion to set aside a default judgment, do not have to "prove" a defense, they must at least make "a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982). The record before the court is devoid of any such evidence. The affidavits of the defendants with respect to these defenses are stated in conclusory terms. The court notes that when counsel for the defendants was given an opportunity at the hearing on the motion to make a proffer of evidence in support of these defenses, nothing of substance was offered.

■ Defendants also contend that the default judgment is improper because it was not for a sum certain and therefore should not have been entered by the clerk. They further suggest that plaintiff's affidavit in support of the entry of default judgment is deficient because it does not state that the amount is for a "sum certain" or show the calculations by which the sum was derived and because it was made by counsel for the plaintiff and therefore not based on personal knowledge. However, it is plain that the sum at issue is one that can be made certain by calculation through reference to the terms of the note and the schedule of payments. Fed.R.Civ.P. 55(b)(1). *See Design and Development, Inc. v. Vibromatic Manufacturing, Inc.,* 58 F.R.D. 71 (E.D.Pa.1973) (action on promissory note); 10 Wright and Miller, *Federal Practice and Procedure,* § 2683. Defendants cite no authority for the proposition that an affidavit in support of entry of a default judgment made by an attorney is not therefore appropriate. Plaintiff's attorney can be presumed, in the circumstances of this case, to have knowledge of and access to the documentation upon which plaintiff's claim is based.

■ Finally, the defendants have made no showing that they exercised due diligence in seeking to have the default judgment set aside. *United States v. Moradi,* 673 F.2d 725 (4th Cir.1982); *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245 (4th Cir.1974). They were aware of this suit against them from the outset but chose to do nothing. Some six months later, default judgment was entered and another ten months elapsed between entry of the default judgment and the filing of defendants' motion to set aside. There is no indication that Schaffer and Malin were unaware of the entry of default judgment nor have they offered any reason for the delay by affidavit or otherwise. *See Central Operating Co., supra* at 253 (four-month delay without "satisfactory explanation" adequate ground for denying relief sought). Defendants have been "essentially unresponsive part[ies]." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970). They cannot be heard to complain if their strategy of delay has worked adversely to their interests.

### IV.

Accordingly, it is ORDERED that the motion of defendants Schaffer and Malin to

set aside default judgment be, and it hereby is, denied.

There being nothing further for disposition in this case, the Clerk is directed to strike it from the docket of the court.

The Clerk is further directed to forward certified copies of this order to all counsel of record herein.