Larry BRINTON

v.

Doctor Edmund GAFFNEY, et al.

Civ. A. No. 81–4732.

United States District Court,
E.D. Pennsylvania.

Jan. 13, 1983.

Larry Brinton, pro se.

Mary E. Butler, Deputy Atty. Gen., Philadelphia, Pa., for Dr. Francis Collins and Dr. Kamel Dincer.

Medford J. Brown, III, Norristown, Pa., for Dr. Richard Whitaker.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action, plaintiff Larry Brinton ("Brinton") alleges in his complaint that the defendants violated his constitutional rights by displaying complete indifference to his medical needs while incarcerated at the State Correctional Institution at Graterford, Pennsylvania. Defendants Doctors Richard Whitaker, Joseph Dimino, Francis Collins and Kamel Dincer have filed a motion to be dismissed from this action pursuant to Fed.R.Civ.P. 12(b)(6) on the basis of plaintiff's failure to state a claim upon which relief may be granted as to them. Plaintiff has moved for default judgment in the amount of $1,500,000 against defendant Dr. Edmund Gaffney ("Gaffney"). For the reasons hereinafter set forth, the Court will enter an Order directing that the Clerk of Court enter default against Dr. Gaffney and granting the remaining defendants' motion to be dismissed from this action.

The record shows that plaintiff initially sought to have his complaint served upon Dr. Gaffney at the Graterford medical facility but that Dr. Gaffney was no longer employed by Graterford at that time. Subsequently, service was made at Dr. Gaffney's private practice office on April 5, 1982. It thus appears that Dr. Gaffney was served with plaintiff's complaint. Dr. Gaffney, however, has failed to plead or other-

wise defend. The Federal Rules of Civil Procedure require that a defendant respond to a complaint within 20 days of the date of service of the complaint (Fed.R.Civ.P. 12(a)) or risk entry of default against him pursuant to Fed.R.Civ.P. 55. Rule 55(a) provides

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

Rule 55(b) provides, however, that judgment may be entered only against a defendant who has failed to plead or otherwise defend where plaintiff seeks a sum certain or capable of certain computation on the basis of the pleadings.

Dr. Gaffney's failure to respond to plaintiff's complaint makes it appropriate to order the Clerk to enter default against him. Because plaintiff's claimed damages are not readily ascertainable from the pleadings and the record, the Court will later set a hearing for the purpose of receiving evidence in order to ascertain the amount of damages, if any.

The remaining defendants who, as heretofore noted, filed a motion to dismiss for failure to state a claim upon which relief may be granted, contend that even applying the liberal relief standards of *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) and the liberal pleading standards of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1973) plaintiff's averments do not state a cause of action entitling him to relief.

■ *Estelle v. Gamble* held that generally a cause of action pursuant to 42 U.S.C. § 1983 does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice. The type of medical care received by a prisoner becomes a proper subject for a 42 U.S.C. § 1983 action only where the prison officials have displayed "deliberate indifference to serious medical needs" of the prisoner. (429 U.S. at 102–06, 97 S.Ct. at 290–92).

Plaintiff's complaint avers that defendants Whitaker, Dimino, Saccar, Collins and Dincer did provide treatment to Mr. Brinton, including the prescription and provision of pain-killing drugs. Plaintiff's complaint details substantial efforts by these doctors to both cure Mr. Brinton's back problems and to alleviate his symptoms and pain. Plaintiff avers that many times during his treatment he was given various tests and several pain-killing drugs, including Demerol. Plaintiff's own complaint avers that Doctors Whitaker, Dimino, Saccar, Collins and Dincer did not demonstrate deliberate indifference to Mr. Brinton's medical needs, but engaged in active attempts to attend to Mr. Brinton's medical needs. On the face of his own complaint, plaintiff has not stated a claim pursuant to 42 U.S.C. § 1983.

Courts in this district have held that "where a plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim," *Roach v. Kligman,* 412 F.Supp. 521, 525 (E.D.Pa.1976); *See also U.S. ex rel. Walker v. Fayette County, Pa.,* 599 F.2d 573 (3d Cir.1979); *Holly v. Rapone,* 476 F.Supp. 226 (E.D.Pa.1979); *Parrilla v. Cuyler,* 447 F.Supp. 363 (E.D.Pa.1978); *Walnorch v. McMonagle,* 412 F.Supp. 270 (E.D.Pa.1976). By his own admission the instant plaintiff has received some medical care. His complaint must therefore be dismissed as to all defendants except Dr. Gaffney for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.

The only allegations in plaintiff's complaint that could be construed as stating claims of deliberate indifference to his medical needs are directed against Dr. Gaffney alone. An appropriate Order will be accordingly entered.