**Larry BRINTON**

v.

**Dr. Edmund GAFFNEY.**

**Civ. A. No. 81–4732.**

United States District Court, E.D. Pennsylvania.

March 25, 1983.

---

Larry Brinton, pro se.

Mary E. Butler, Deputy Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Larry Brinton ("Brinton") has filed a complaint pursuant to 42 U.S.C. § 1983 asserting that defendant Dr. Edmund Gaffney and four other physicians currently or once employed at Graterford Prison, where Brinton is incarcerated, provided him with improper medical care. Because Dr. Gaffney had failed to respond to service of plaintiff's complaint, this Court, on January 13, 1983, 554 F.Supp. 388, entered default against Dr. Gaffney. The other four defendants had filed motions to dismiss the complaint because plaintiff's own averments established that Mr. Brinton had not stated a claim under the Eighth Amendment as interpreted by *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court granted the motions to dismiss on January 13, 1983. Subsequently, both Dr. Gaffney and Mr. Brinton have filed motions that this Court must dismiss for want of jurisdiction since plaintiff has also filed a timely notice of appeal, thereby divesting this Court of subject matter jurisdiction and conferring it on the Court of Appeals.

Specifically, Dr. Gaffney has filed a motion to set aside the default entered against him. Mr. Brinton has filed a motion for leave to appeal in forma pauperis and has also filed a motion for appointment of counsel. Subsequent to the filing of these motions, plaintiff filed a notice of appeal on February 9, 1983. Also on February 9, the

original record of this case was transmitted to the Third Circuit. Plaintiff has represented to the Court, in his letter of March 8, 1983, that the Third Circuit has informed him, by a letter from a Third Circuit staff attorney to Mr. Brinton, that his appeal is currently being treated as a proper appeal from a final order of this Court. This letter does not, of course, constitute an official order by the Third Circuit. At this stage, only default has been entered against Dr. Gaffney. No monetary judgment has been entered in this matter. However, until the Court of Appeals issues an order dismissing plaintiff's appeal, this Court would appear to be without jurisdiction to hear any motion except one filed pursuant to Fed.R. Civ.P. 59, 50(b) or 52(b).

In *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Supreme Court re-emphasized the time-honored rule that the filing of a notice of appeal divests the district court of jurisdiction and vests it in the appellate court unless one of a small number of narrow exceptions should apply. Said the Supreme Court:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

103 S.Ct. at 402.

In 1979, the Federal Rules of Appellate Procedure were amended to clarify the status of certain motions pending with the district court in cases where a notice of appeal had been filed. Prior to 1979, a district court retained jurisdiction to decide certain motions attacking the judgment that had been filed before the notice of appeal was taken but lacked jurisdiction to decide motions filed subsequent to the filing of a notice of appeal. Amended Rule of Appellate Procedure 4(a)(4) sought to make the situation more symmetric. The Rule provides:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact.... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

■ As the Supreme Court has observed, Appellate Rule 4(a)(4) has given the district courts "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal has been filed ... a subsequent notice of appeal is also ineffective [to divest the district court of jurisdiction] if it is filed while a timely Rule 59 motion is still pending." *Griggs v. Provident Consumer Discount Co., supra,* 103 S.Ct. at 403. In the instant case, however, Appellate Rule 4(a)(4) does not permit this Court to decide the pending motions.

■ As heretofore noted, Mr. Brinton has filed a motion to take his appeal in forma pauperis and a motion for appointment of counsel. Neither motion is one brought pursuant to Federal Civil Rules 50(b), 52(b), or 59. The motion for in forma pauperis status is in fact superfluous since this Court granted plaintiff leave to proceed in forma pauperis in its Order of January 13, 1983 and, unless otherwise ordered, plaintiff retains his in forma pauperis status on appeal.

■ Dr. Gaffney has filed a motion to set aside the entry of default. While this motion could imaginatively be described as one "to alter or amend the judgment" pursuant to Civil Rule 59(e), the better view is that a motion to set aside default is brought pur-

suant to Fed.R.Civ.P. 60(b), which provides for relief from a final order where the aggrieved party can demonstrate "mistake, inadvertence, surprise, or excusable neglect." *See Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120 (3d Cir.1983), at 120–121; *Peplen Outdoor Advertising Co. v. Philadelphia Best Western Company, Inc.,* Civil Action No. 82–3812 (E.D.Pa. March 4, 1983) (VanArtsdalen, J.). Furthermore, in the instant case, as heretofore noted, no final judgment has been entered against Dr. Gaffney. Thus, he cannot at this time seek to "alter or amend a judgment" within the meaning of Fed.R.Civ.P. 59(e).

Appellate Rule 4 does not permit this Court to decide a motion filed under Fed.R. Civ.P. 60(b) when a timely notice of appeal has been filed. The Court will not, however, enter an Order dismissing all of the aforesaid motion of the parties for want of subject matter jurisdiction, but will hold these motions in the suspense file pending termination of the appeal in this matter.

### ORDER

AND NOW, this 25th day of March, 1983, upon consideration of plaintiff Larry Brinton's Motion for Leave to Appeal In Forma Pauperis and his Motion for Appointment of Counsel and defendant Dr. Edmund Gaffney's Motion to Set Aside the Entry of Default, for the reasons set forth in this Court's Memorandum of March 25, 1983,

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Appeal In Forma Pauperis is placed in the SUSPENSE FILE pending termination of the appeal in this matter.

2. Plaintiff's Motion for Appointment of Counsel is placed in the SUSPENSE file pending termination of the appeal in this matter.

3. Defendant's Motion to Set Aside Entry of Default is placed in the SUSPENSE file pending termination of the appeal in this matter.