**SYSTEMS INDUSTRIES, INC.**

v.

**Pius HAN and Joy Han, individually
and t/a Columbia Industries
Company, and Yunhan Corporation.**

**Civ. A. No. 84–5457.**

United States District Court,
E.D. Pennsylvania.

Feb. 14, 1985.

Roger S. Spalding, Fell & Spalding, Philadelphia, Pa., for plaintiff.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff in this diversity action has moved for entry of a default judgment against all defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). None of the three defendants has responded to plaintiff's motion.

On November 6, 1984, plaintiff Systems Industries filed a complaint in this court against individual defendants Pius Han and Joy Han and corporate defendant Yunhan Corporation. The complaint alleges that defendants breached various contracts to purchase radio parts from plaintiff; both by incompletely paying for parts which defendants actually received, and by failing to pay anything for parts which defendants ordered for future delivery. On November 13, 1984, the complaint was served upon Joy Han by certified mail, return receipt requested. The return receipts, copies of which are attached to plaintiff's motion for entry of a default judgment, show that Joy Han accepted service for herself and as the authorized agent of the other defendants. None of the three defendants has filed anything in response to the complaint.

## I. *Liability Issues*

■ The entry of defaults and default judgments is governed by Federal Rule of Civil Procedure 55. Under subsection (a) of that rule, the Clerk of Court is instructed to enter a *default* against a defendant who "has failed to plead or otherwise defend as provided by these rules" when the failure to defend "is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). Entry of a default is a prerequisite to entry of a *default judgment* under Rule 55(b). *See* 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 55.02[3] (2d ed. 1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2682, at 406 (1983).

■ No default has been entered in this case, because plaintiff has not filed any application with the Clerk for entry of a default. Accordingly, I will treat plaintiff's motion as one which requests both (1) an Order directing the Clerk to enter a default against the defendants, and (2) entry of a default judgment.[1] As a practical matter, I need consider only whether a default judgment is appropriate in this case: if it is, then it follows that the lesser standard of Rule 55(a) is satisfied; if not, then entry of a default by the Clerk would be a waste of effort.

■ I have no difficulty in concluding that entry of a default judgment is appropriate in this case. Three months have passed since the complaint was served on defendants, during which time defendants have taken no action whatever with respect to this litigation. Moreover, the allegations in the complaint, if taken as true, state a breach of contract claim for which plaintiff is entitled to affirmative relief.[2] Rule 8(d) requires that those allegations be taken as true, at least as to liability. Nor is there any obvious reason why defendants should not be bound by the allegations in the complaint. *Cf. Feliciano v. Reliant Tooling Co.,* 691 F.2d 653 (3d Cir.1982) (granting motion to set aside default where defendant was an alien unfamiliar with American procedure). Defendants, the owners of a California-based business and the corporation through which they operate, can fairly be charged with the obligation to respond to a complaint which was validly served upon them. The accompanying Order therefore directs the Clerk to enter a default against all three defendants, and orders that judgment be entered in favor of the plaintiff on plaintiff's liability claims.[3]

## II. *Damages Issues*

■ It does not follow that judgment should be entered for the specific amount of damages which plaintiff requests in its complaint and again in its motion. Rule 8(d) states:

> Averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage,* are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

Fed.R.Civ.P. 8(d) (emphasis added). *See Perks v. West,* 84 F.Supp. 203 (E.D.Pa. 1949). Where the damages claimed are "not readily ascertainable from the pleadings and the record," a hearing is appropriate to determine the amount of damages. *Brinton v. Gaffney,* 554 F.Supp. 388, 389 (E.D.Pa.1983). *Accord, Federal Deposit Ins. Corp. v. Spartan Mining Co.,* 96

---

**1.** Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well. 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 55.02[3], at 55–14 & n. 1 (2d ed. 1983) ("Since the court has the authority to enter a judgment by default, it impliedly has the power to perform the ministerial function assigned to the clerk of entering a default").

**2.** Rule 55(a) permits the entry of a default against a party "against whom a judgment for affirmative relief is sought." Fed.R.Civ.P. 55(a).

The damages which plaintiff seeks are self-evidently "affirmative relief."

**3.** The complaint is divided into five counts, but the last two are concerned not with liability, but with damages only. (Count four seeks damages for injury to plaintiff's business reputation caused by defendants' breach; count five seeks punitive damages.) Thus, judgment shall be entered only as to counts one, two, and three, the counts in which plaintiff sets forth the basis for its breach of contract claim.

F.R.D. 677, 683 (S.D.W.Va.1983); *Collex, Inc. v. Walsh,* 74 F.R.D. 443 (E.D.Pa.1977).

There is not a great deal of authority that bears on the question of when a damages claim is "readily ascertainable·from the pleadings and the record." Payments on a promissory note are sufficiently certain, *see FDIC v. Spartan Mining Co., supra,* 96 F.R.D.· at 679, 683; *Design & Development, Inc. v. Vibromatic Manufacturing, Inc.,* 58 F.R.D. 71, 74 (E.D.Pa. 1973), while damages for physical and emotional injuries, or for any other harms the magnitude of which cannot be easily computed, are not. *See Brinton v. Gaffney, supra,* 554 F.Supp. at 389. *See also Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation") (punitive damages are neither liquidated nor computable and therefore are not to be awarded without an evidentiary hearing); *Collex, Inc. v. Walsh,* 74 F.R.D. 443, 449–51 (E.D.Pa.1977) (action brought for breach of a franchise agreement; the court set aside that portion of a default judgment which fixed the damages, noting that the· plaintiff failed to show how it arrived at the damage figure used in the complaint).

■ In this case, the claimed damages flowed from an alleged breach of contract. According to the complaint, defendants received, pursuant to their orders, radio parts for which they only partially paid, and placed orders for more parts for which they provided no payment whatsoever. The complaint seeks five categories of damages: (1) the unpaid portion of the price of parts which defendants received (allegedly $290,700), (2) the cost to plaintiff of buying parts which plaintiff expected to resell to defendants based on defendants' orders (allegedly $6,325,600), (3) the profits plaintiff would have made had defendants bought those parts as they promised (allegedly $1,000,000), (4) the harm to plaintiff's business reputation caused that resulted from defendants' breach (allegedly an amount greater than $10,000), and (5) punitive damages. Categories four and five are obviously not readily ascertainable from the record, and accordingly damages in those categories, if any, must be awarded only after the record is further developed in an evidentiary hearing.

■ The first three categories raise a closer question. As to each, the amount of damages is theoretically "susceptible of mathematical computation." *Flaks v. Koegel, supra,* 504 F.2d at 707. Unfortunately, the record does not contain the data necessary to make these computations.

The first category of damages which sought by plaintiff is the amount due for parts which· defendants actually received. This amount is the product of the price per unit and the number of units received, minus the amount paid by defendants. None of these three numbers is unambiguously set forth in either the complaint or the motion for entry of a default judgment. Plaintiff attaches to the complaint (as Exhibit D) a copy of defendants' account, listing dates of shipments, amounts due, and payments received. The figures in the account do not, however, yield the $290,700 figure which plaintiff claims is due.[4]

Plaintiff's second category of damages consists of the out-of-pocket cost of buying parts in order to resell the same parts to the defendants. There are two difficulties with this portion of plaintiff's damages claim. First, plaintiff does not supply any

---

**4.** The account attached as Exhibit D to the complaint is a handwritten sheet on which figures are recorded. A number of the notations are illegible; any calculation is therefore speculative. The court's addition of those portions of Exhibit D which are legible yields total payments of slightly under $2,200,000. In paragraph 19 of the complaint, plaintiff alleges that the total amount due for the shipments recorded in Exhibit D is $2,326,570. Needless to say, the difference between these numbers is not especially close to the $290,700 which plaintiff claims under count one.

The $290,700 figure would appear to be drawn from a single entry in Exhibit D. On April 23, 1984, a shipment is recorded with a price of $790,700 and payment received of $500,000. In light of the other figures in Exhibit D and the seeming contradiction between those figures and the figures provided in·the complaint, I cannot find that the single entry in Exhibit D establishes defendants' debt with suf-

evidence (such as the affidavits of the responsible personnel) of either the number of units purchased or the cost to plaintiff of purchasing them for resale. These numbers are merely recited in the complaint. Second, plaintiff neither deducts from its reliance damages the market value of the parts it possesses nor offers any evidence that the parts are unique goods and consequently have no market value. *See* 13 Pa.Cons.Stat.Ann. §§ 2703, 2706(a), 2709(a)(2) (Purdon's 1984).

Plaintiff's third category of damages consists of lost profits on the parts just discussed—those parts which plaintiff bought in order to resell them to defendants. Again, plaintiff does not supply any evidence to support the figures used in the complaint. Absent some such corroboration, I cannot enter judgment for the amount sought.

For the foregoing reasons, I shall (1) direct the Clerk to enter a default against defendants, (2) order that judgment be entered in plaintiff's favor on all liability issues under counts one, two, and three of the complaint, and (3) refer the matter to Magistrate William F. Hall, Jr. for an evidentiary hearing on damages issues.

ficient certainty to justify entry of a default judgment for the amount claimed.