In re Enoch D. PIKE, Sr., Debtor.

**CITY WHOLESALE GROCERY CO., INC., Plaintiff,**

v.

**Enoch D. PIKE, Sr., Defendant.**

**Bankruptcy No. 85–4226.
Adv. No. 85–0640.**

United States Bankruptcy Court,
N.D. Alabama.

Sept. 28, 1987.

Harvey B. Campbell, Jr., Talladega, Ala., for debtor/defendant.

Robert L. Austin, Birmingham, Ala., for plaintiff.

## MEMORANDUM OPINION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding is before the Court on the motion of the plaintiff, City Wholesale Grocery Co., Inc., for summary judgment. Before addressing the substance of the motion presently before the Court, a brief discussion of certain procedural matters is in order.

The debtor filed a voluntary petition for relief pursuant to the provisions of title 11, United States Code, chapter 7, on July 15, 1985, and the case remains pending in this court under said chapter. The present adversary proceeding was commenced on October 18, 1985, by the plaintiff's filing of a complaint styled "COMPLAINT—OBJECTION TO DISCHARGE." In its complaint, the plaintiff alleged that the debtor "did knowingly and fraudulently issue worthless checks ... in return for merchandise sold and delivered" by the plaintiff to the debtor, that the debtor issued the checks with knowledge that the accounts upon which they were drawn contained insufficient funds to cover them, and that the debtor should thus be "denied a discharge." In the prayer for relief, the plaintiff requested that the debtor "be denied a discharge" and that the Court find the debt owed to the plaintiff by the debtor to be nondischargeable.

On October 29, 1985, the debtor filed a motion to dismiss on grounds that the complaint failed to state a claim upon which relief could be granted under 11 U.S.C. § 727. The proceeding first came before the Court for a pre-trial conference on De-cember 9, 1985, at which time the plaintiff's attorney informed the Court that he would be taking the deposition of the debtor-defendant and that it might thereafter be necessary for the plaintiff to amend its complaint. Counsel for the plaintiff was to advise the Court by February 15, 1986, as to how the plaintiff would proceed.

On August 1, 1986, the Court entered a RULE TO SHOW CAUSE WHY ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED, as the parties had not contacted the Court with regard to this proceeding since the pre-trial conference. The plaintiff made a timely response to the rule, requesting that it be allowed to proceed in this matter. A continued pre-trial conference was scheduled for October 15, 1986.

Both the plaintiff's attorney and the attorney for the debtor appeared before the Court at the continued pre-trial conference, although the latter stated to the Court that he had lost contact with his client. At the continued pre-trial conference, the Court considered the motion to dismiss which had previously been filed by the debtor-defendant and determined that the motion should be granted in part, by dismissing the complaint to the extent that it requested that the debtor be denied a discharge. The Court announced its ruling on the motion at the continued pre-trial conference and an order was entered thereon on December 4, 1986.

The plaintiff's attorney stated at the continued pre-trial conference that the remaining issue raised in the complaint, which issue involved the dischargeability of a debt, could be disposed of by way of summary judgment, and that a motion therefor would be filed on behalf of the plaintiff.[1] Counsel for both parties agreed that oral arguments on such a motion would be waived unless specifically requested within five days after service of the motion.

---

1. Although no answer had been filed on behalf of the debtor on the date of the continued pre-trial conference, the time for the filing of an answer had not expired as of that date. *See,* subsections (a) and (b) of Rule 12, Fed.R.Civ.P. It was apparently the expectation of the plaintiff's attorney that an answer would be filed.

A second rule to show cause, calling for dismissal of this proceeding for want of prosecution, was entered herein on May 5, 1987. As of that date, no answer had been filed by the debtor and the plaintiff had had no contact with the Court since the continued pre-trial conference. The plaintiff responded by filing a written objection to dismissal, accompanied by an affidavit of the plaintiff's attorney and a motion for summary judgment. It is the latter motion which is presently before the Court.

At the outset, the Court would point out that the debtor is in default, as no answer to the plaintiff's complaint has ever been filed on his behalf. Additionally, the debtor failed to respond to the plaintiff's motion for summary judgment or to request a hearing thereon. It would thus appear that, instead of moving for summary judgment, it would have been appropriate for the plaintiff to have followed the procedure for obtaining a judgment by default, as set forth in Rule 55 of the Federal Rules of Civil Procedure.

Without regard to the procedural propriety of the plaintiff's motion for summary judgment, the Court has considered the motion, along with the pleadings and the affidavit submitted in support thereof and finds that the plaintiff has failed to establish that it is entitled to such relief.

The affidavit of Pete N. Dichiara, the plaintiff's president, was the only item offered by the plaintiff in support of its motion. The affidavit states, in pertinent part, that between the period of January 29, 1985, through February 26, 1985, in exchange for and upon delivery of goods which the plaintiff sold to the debtor, the debtor issued to the plaintiff a total of thirteen checks which were subsequently dishonored by the drawee bank, due to insufficient funds in the account from which they were drawn. The affidavit further states that as the result of the defendant's failure to pay the checks, the plaintiff has suffered a loss in the amount of $5,019.07, which sum represents the total amount of the thirteen checks. The plaintiff has requested the Court to find, on the basis of this affidavit and the allegations in the plaintiff's complaint, that the debtor's actions in issuing the checks to the plaintiff constitute fraud and that the underlying debt is nondischargeable as a matter of law.

The complaint is silent as to the particular statutory provision upon which the plaintiff relies. It would appear to the Court that the debt at issue herein would be excepted from discharge, if at all, pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).[2] That section excepts from the discharge of an individual debtor any debt "for money, property, [or] services ... to the extent obtained by false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A).

 In order to prevail on the question of dischargeability in this proceeding, the plaintiff must prove, by clear and convincing evidence, that the debtor acted fraudulently in incurring the debt at issue. *See, In re Pozucek*, 73 B.R. 110 (Bankr.N.D.Ill. 1987). Fraud within the meaning of § 523(a)(2)(A) is established upon a proper showing that the defendant made misrepresentations of material facts, that the misrepresentations were made with knowledge of their falsity or with reckless disregard for their truth, and with the intent on the part of the defendant to deceive the plaintiff, and that the plaintiff reasonably relied on the representations and sustained loss as a result of such reliance. *In re Paulk*, 25 B.R. 913, 918 (Bankr.M.D.Ga.1982). A lack of proof as to any one of the stated elements will be fatal to the plaintiff's claim.

 The issuance of a worthless check to purchase goods does not, in itself, constitute fraud so as to preclude the discharge of the debt pursuant to § 523(a)(2)(A). *In re Collins*, 28 B.R. 244 (Bankr.W.D.Ok. 1983); *In re Jenes*, 18 B.R. 405 (Bankr.S.D. Fla.1981). The issuance of a check is not tantamount to a representation that there

---

**2.** In *In re Paulk,* 25 B.R. 913 (Bankr.M.D.Ga. 1982), the Court held that a check is not a financial "statement" within the meaning of § 523(a)(2)(B). The present court agrees with that reasoning and finds that that section is inapplicable under the present facts.

are sufficient funds in the drawee's bank account from which payment can be made. *In re Hammett*, 49 B.R. 533, 535 (Bankr.M. D.Fla.1985). It is simply a promise on the part of the drawer to pay the check in the event that it is dishonored by the bank. *In re Paulk*, 25 B.R. 913 (Bankr.M.D.Ga. 1982), *citing, Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982). Thus, in order to establish the initial element of fraud, the plaintiff must prove that the debtor made a representation that the check was good. There is no evidence or allegation of any such representation by the debtor in the present case.

There is also a total lack of evidence that the debtor issued the checks with the intent to defraud the plaintiff. The allegations in the complaint to the effect that the checks were issued with knowledge that there were insufficient funds for payment in the debtor's account are not conclusive on the issue of fraudulent intent. It is possible that the debtor issued the checks with knowledge of his deficient account balance but with the intention of depositing sufficient funds for their payment prior to presentment by the plaintiff. *See, In re Hammett*, 49 B.R. 533 (Bankr.M.D.Fla. 1985).

The Court also questions the reasonableness of the plaintiff's reliance on the last several checks which it accepted from the debtor, due to the number of the debtor's checks to the plaintiff that had been dishonored within the preceding two to three weeks.

The Court concludes, based on the foregoing, that it would be inappropriate to enter a judgment in favor of the plaintiff on the basis of the motion for summary judgment. The matter of the debtor's default in this proceeding, and the possibility of a judgment for the plaintiff as a result of that default, will now be considered.

■ Assuming, arguendo, that it would be appropriate for the Court to treat the plaintiff's motion for summary judgment as an application for the entry of default[3] and for judgment by default, it is the opinion of the Court that the entry of a default judgment on the basis of such "application" would be inappropriate at the present time.

Subsection (b)(2) of Rule 55, Federal Rules of Civil Procedure, prohibits the entry of a judgment by default against a defendant who, as the defendant herein, has appeared in the action, unless such defendant receives prior written notice of the application.[4] The Court notes that the attorney for the defendant was served with a copy of the plaintiff's motion for summary judgment, and that the defendant was on notice[5] that a judgment was being sought against him. While it could be argued that such notice is sufficient to satisfy the notice requirement prescribed by Rule 55(b)(2), the Court is not convinced that this reasoning is correct. The Court's reservations in this regard are based on the differences in the nature of a summary judgment on the one hand, and a judgment by default, on the other.

A judgment by default is based solely on a party's failure to "plead or otherwise defend." Assuming that the defendant is not an infant or incompetent person who is not represented in the action by a guardian or like representative, and is not a member of the armed forces who has not appeared in the action, a plaintiff may obtain a judgment by default, pursuant to Rule 55, upon application therefor if the defendant has failed to appear or defend in the action. The movant's burden is relatively simple in that the facts which would justify the relief sought are of a procedural nature.

Summary judgment, on the other hand, constitutes an adjudication on the merits of

---

3. Although Rule 55 speaks in terms of entry of default by the clerk, the Court may also enter default. *Systems Industries, Inc. v. Ham*, 105 F.R.D. 72 (Dist.Pa.1985); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Amer., Inc.* 687 F.2d 182 (1982).

4. Specifically, that rule provides, in pertinent part, that if a "party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application".

5. *See,* Fed.R.Civ.P. 5(a) & (b).

a claim. 6 J. Moore, W. Taggart, E.J. Wicker, Moore's Federal Practice § 56.03 (2d ed. 1987). A party is entitled to summary judgment pursuant to Rule 56, Fed.R. Civ.P., only upon a showing that there is "no genuine issue as to any material fact" and that as a matter of law, judgment should be entered in his favor. Fed.R. Civ.P. 56(c). A party seeking summary judgment bears a heavy burden. In order to prevail, he must offer sufficient evidence to support a finding in his favor upon every element of his claim for relief. *Lockwood v. Wolf Corp.*, 629 F.2d 603 (9th Cir.1980). The party opposing summary judgment has no duty to present proof so as to defeat the motion if, as in the present case, the movant fails at the outset to show that he is entitled to summary judgment. *McWhirter Distributing Co., Inc. v. Texaco, Inc.*, 668 F.2d 511 (Em.App.1981).

Based on the foregoing, the Court finds that the notice given to the defendant of the plaintiff's motion for summary judgment is not synonymous with, and can be no substitute for, the notice prescribed by Rule 55(b)(2). Advance notice of an application for default judgment, and at least an opportunity for a hearing,[6] must be afforded to the defendant in this proceeding before a judgment by default may be entered against him.

The Court finds that it would be appropriate to enter a show cause order and set a hearing thereon to determine why a default judgment should not be entered against the defendant.[7] An appropriate order will be entered.

---

6. In addition to requiring notice of the application for default, the applicable portion of subsection (b)(2) of Rule 55 also anticipates that a hearing will be held on such application.

7. As to the power of the Court to enter a judgment by default on its own motion, *See, Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir.1968), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).