Margaret **APORTRIA**, Plaintiff,

v.

**MAINE TURNPIKE AUTHORITY**, Defendant.

Civ. No. 86–0256–P.

United States District Court, D. Maine.

Oct. 23, 1987.

Richard B. Slosberg, Portland, Me., for plaintiff.

Michael G. Messerschmidt, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER DISMISSING PLAINTIFF'S MOTION FOR RECONSIDERATION

GENE CARTER, District Judge.

### INTRODUCTION

Plaintiff Margaret Aportria brought suit against Defendant Maine Turnpike Authority alleging age discrimination in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq., and the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* On September 15, 1987, this Court granted Defendant's Motion for Summary Judgment. On September 28, 1987, Plaintiff filed the instant motion for reconsideration. And on October 14, 1987, before this Court had ruled on the Motion for Reconsideration, Plaintiff filed its notice of appeal to the First Circuit Court of Appeals.

For the reasons stated herein, this Court denies Plaintiff's Motion for Reconsideration for lack of jurisdiction.

### ANALYSIS

When this Court granted Defendant's Motion for Summary Judgment on all allegations in the Complaint, it issued a final judgment dismissing Plaintiff's action. The summary judgment was not partial, and thus neither the motion nor the decision to grant it were interlocutory. Plaintiff's Motion for Reconsideration must therefore be characterized as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Greene*

*v. Union Mutual Life Ins. Co.,* 764 F.2d 19 (1st Cir.1985).

A properly filed notice of appeal generally divests the District Court of jurisdiction to proceed further in the case appealed. After an appeal is filed, a case remains in the District Court only for procedures in aid of appeal. *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404 (1st Cir.1976), cert. den. 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167. Federal Rule of Appellate Procedure 4(a)(4) creates four exceptions to this rule, permitting District Courts to reserve jurisdiction and rule on motions for judgment notwithstanding the verdict (Rule 50(b)), additional or amended findings of fact (Rule 52(b)), alteration or amendment of judgment (Rule 59(e)), and new trial (Rule 59(a)). A notice of appeal filed before the disposition of any of these motions is deemed ineffective. A new notice of appeal must be filed after the motion is ruled upon.

Motions filed under Rule 60(b) are not included in the exceptions created by Appellate Rule 4(a)(4). No other provision is made in the Appellate Rules or the Federal Rules of Civil Procedure for District Courts to exercise jurisdiction over 60(b) motions after a notice of appeal has been filed. This Court is therefore compelled to infer that it has no jurisdiction to rule on Plaintiff's Motion for Reconsideration.

Precedent supports the Court's decision. *See Hattersley v. Bollt,* 512 F.2d 209 (C.A. Pa.1975) (after notice of appeal filed, District Court lacks power to decide motion for reconsideration, even though motion was timely filed); *Brinton v. Gaffney,* 560 F.Supp. 28 (D.C.Pa.1983) (filing of notice of appeal divests District Court of subject matter jurisdiction to hear any post-judgment motion other than those enumerated in Appellate Rule 4(a)(4)); *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97 (C.A.N.Y.1981) (filing of notice of appeal divests District Court of jurisdiction to entertain Plaintiff's postjudgment motion for reconsideration after entry of summary judgment for Defendant).

## ORDER

The Court therefore DISMISSES Plaintiff's Motion for Reconsideration for lack of subject matter jurisdiction, and declines further action on this case pending instructions from the Court of Appeals to the contrary.

So ORDERED.