**SEA–LAND CORPORATION, Plaintiff,**

v.

**GLOBAL FURNITURE INDUSTRIES, INC., Defendants.**

**No. 85 CV 3387 (JMM).**

United States District Court, E.D. New York.

March 28, 1990.

Meyers Saxon & Cole, Brooklyn, N.Y. (Alan Estreicher, of counsel), for plaintiff.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

The Court has received the annexed Report and Recommendation ("Report") from the Honorable A. Simon Chrein, United States Magistrate. None of the parties have filed written objections pursuant to 28 U.S.C. § 636(b)(1); Local R. Mag. P. 7. After a *de novo* review, I hereby adopt the Report as the opinion of the Court.

SO ORDERED.

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE
A. SIMON CHREIN

By order of the Honorable Joseph M. McLaughlin, this matter was referred to

the undersigned to consider the entry of default judgment by the Clerk of the Court pursuant to Fed.R.Civ.P. 55(b). Jurisdiction in this civil suit arises under 46 U.S.C. App. § 1312. For the reasons stated below, I respectfully recommend that the Clerk of the Court be authorized to enter judgment for the plaintiff in the sum of $6,355.00.

Plaintiff, Sea–Land Corporation, transported freight on behalf of the defendant, Global Furniture Industries, between New York and Italy. *See*, Complaint dated August 8, 1985. The freight was delivered and, as agreed upon between the parties, Global Furniture Industries, Inc. issued a check to the plaintiff for services rendered in the sum of $6,355.00. This check was, however, ultimately returned by the bank due to insufficient funds. Sea–Land commenced this action when further demands for payment proved futile. *See, Id.*

The summons and complaint were filed with the Court by Sea–Land on September 11, 1985. *See*, Robert S. Saxon, Esq. Affidavit dated December 22, 1988. On September 2, 1985, personal service was effected by delivery of a copy of the summons and complaint to the managing agent of the defendant corporation. *Id.* To date, defendant has failed to interpose an answer.

## DISCUSSION

### (A) *Default Judgment*

■ Fed.R.Civ.P. 55(a) authorizes the Clerk of the Court to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead ... as provided by these rules and that fact is made to appear by affidavit or otherwise ... "

Defendant, on September 11, 1985, was properly served with a copy of the summons and complaint in accordance with Fed.R.Civ.P. 4(d)(3). An entry of default under Rule 55 is appropriate inasmuch as defendant has failed to serve an answer and has neglected to appear or otherwise defend in this action. *See, Systems Industries v. Han*, 105 F.R.D. 72, 74 (E.D.Pa.

1985); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981).

Rule 55(b)(1) authorizes the Clerk of the Court to enter a judgment of default when a party has failed to appear and when damages are of a liquidated nature for a sum certain. *See, Thorpe v. Thorpe*, 364 F.2d 692, 693–94 (D.C.Cir.1966); *N. Central Illinois Laborers' Dist. Counsel v. S.J. Groves, Inc.*, 842 F.2d 164 (7th Cir. 1988). Plaintiff, as required by Rule 55, has submitted an affidavit to establish that the $6,355.00 claimed is for a sum certain.

For the above reasons, I respectfully recommend that the Clerk of the Court be authorized to enter a judgment of default in the sum of $6,355.00.

### (B) *Costs*

■ A prevailing party generally receives costs as a matter of course unless the Court, a federal statute or rule provides otherwise. Fed.R.Civ.P. 54(d). However, in the Eastern District of New York, costs may be awarded only upon the submission of "an affidavit of counsel that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills and cancelled checks in payment shall be attached as exhibits." Rule 11(a) Civil Rules for the Southern and Eastern Districts of New York, effective October 26, 1983 ("Local Rule 11").

In the instant case, bills and cancelled checks have not been submitted to the Court. In addition, plaintiff has requested "costs" in an unspecified amount. Accordingly, I respectfully recommend that plaintiff's claim for costs be denied.

### *Pre-judgment Interest*

■ In addition to costs, plaintiff has requested pre and post-judgment interest. Federal law makes no provision for the award of interest prior to judgment. 28 U.S.C.A. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.... where, by the law of the State in which such court is held, executions may be levied for interest on judgments recovered in the Courts of the State. Such interest shall be calculated *from the date* of the entry of

judgment, ... ") (emphasis added); *See also, Wachs v. Winter,* 569 F.Supp. 1438, 1451 (E.D.N.Y.1983).

Inasmuch as jurisdiction in the instant action is based upon a federal question, I respectfully recommend that Sea–Land's request for prejudgment interest be denied.

*Post-judgment Interest*

28 U.S.C.A. § 1961 provides that "[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court." This provision has been interpreted as mandatory and not within the court's discretion. *See United States v. Shiavone & Sons, Inc.,* 450 F.2d 875, 876 (1st Cir.1971); *Wachs,* 569 F.Supp. at 1449. A party is entitled to recovery of post-judgment interest from the date of judgment until the date of payment of the principal amount. *See, Burke v. Guiney,* 700 F.2d 767 (1st Cir.1983); *United States v. Bank of Celina,* 823 F.2d 911 (6th Cir.1986).

Post-judgment interest, however, cannot be awarded until such time as a final money judgment is reflected in the records of the clerk's office. Fed.R.Civ.P. 58, 79(a). Should this court decide to adopt the undersigned's recommendation as to the entry of default and render judgment in that amount, the judgment will be effective as of the date it is entered on the civil docket sheet for this action. Fed.R.Civ.P. 58, 79(a); *Wachs,* 569 F.Supp. at 1449.

Once judgment is entered by the Clerk of the Court, interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty two week United States Treasury bills settled immediately prior to judgment." 28 U.S.C.A. § 1961(a).

No objection to the recommendations contained in this report can be entertained unless filed with the Honorable Joseph M. McLaughlin on or before March 16, 1990. 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(c) F.R.C.P.

/s/ A. Simon Chrein

A. SIMON CHREIN,
United States Magistrate