457 S.E.2d 515

**George W. EVANS, Plaintiff Below, Appellee**

v.

**Jack E. HOLT and John Doe, d/b/a Casturo Transportation Service, Defendants Below,**

**Casturo Transportation Service, Defendant Below, Appellant.**

**No. 22342.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 17, 1995.

Decided April 14, 1995.

Larry E. Thompson, Michael Thornsbury, Thornsbury & Thompson, Williamson, for the appellee.

L. David Duffield, Scott W. Andrews, Offutt, Eifert, Fisher, Duffield & Nord, Huntington, for the appellant Casturo Transp. Service.

WORKMAN, Justice:

This case is before the Court upon the appeal of Casturo Transportation Service [1] (hereinafter referred to as Casturo) from the December 16, 1993, order of the Circuit Court of Mingo County which denied the Appellant's motion to dismiss or alternatively, to set aside a default judgment. The Appellant raises the following assignments of error: 1) the circuit court erred when it found that the Appellant had been validly served with process and that the Appellee had complied with the provisions of West Virginia Code § 56–3–31 (Supp.1994); 2) the circuit court erred when it failed to dismiss this action against the Appellant because the Appellant has never been validly served with process in this instant action; 3) the circuit court erred when it failed to set aside the default judgment improperly obtained against the Appellant by the Appellee; 4) the circuit court erred when it refused to reconsider its prior decision denying the Appellant's motion to dismiss or alternatively, to set aside default judgment; 5) the circuit erred in that its decision to overrule and deny the Appellant's motion to dismiss or alternatively, to set aside default judgment does not comply with currently existing West Virginia law, including but not limited to West Virginia Code § 56–3–31; 6) the circuit court erred when it held that the Defendant below, Jack E. Holt was a "duly authorized agent" of the Appellant, as defined in West Virginia Code § 56–3–31(h)(1); 7) the circuit court erred when it found that there was actual service of process completed on the Appellant which eliminated the need for an affidavit for service on the Appellant's insurance company; 8) the circuit court erred when it found that on August 28, 1992, the Appellee's counsel communicated with the Appellant's insurance carrier and was told that an answer would be filed, because there is no documentation concerning any communication between the Appellee's counsel and the Appellant's insurance carrier on or about August 28, 1992, and the Appellant contests the validity of this finding; 9) the circuit court erred in granting the Appellee default judgment and awarding damages in the sum of $1,058,240 when, in fact, the Appellant had no notice of the Appellee's motion for default judgment or the writ of inquiry conducted as to the amount of damages prior to such proceedings, nor did the Appellant ever have an opportunity to contest this award of default judgment prior to its entry; and 10) the circuit court erred when it failed to grant relief from judgment to the Appellant under Rule 60(b) of the West Virginia Rules of Civil Procedure (hereinafter also referred to as "Rule 60(b)").

Having reviewed the record, the parties' briefs and all other matters submitted before this Court, we conclude that the Appellant was not served with process in compliance with the provisions of West Virginia Code § 56–3–31. Accordingly, we reverse and remand the circuit court's decision for further proceedings consistent with this opinion.[2]

---

1. Jack E. Holt is also a named Defendant; however, any potential liability of this Defendant is moot since he obtained a final decree of discharge in bankruptcy on September 18, 1991, prior to the entry of the default judgment. Accordingly, Mr. Holt is not a participant in this appeal.

2. For ease of discussion, those assignments of error that are redundant are consolidated conceptually herein.

## I.

On June 21, 1989, the Appellee's vehicle and a truck owned by the Appellant and driven by Mr. Holt,[3] collided on Route 52 in Mingo County, West Virginia. The Appellant is a foreign business entity operating as a sole proprietorship, while Mr. Holt was a nonresident motorist.

Nearly two years later, on June 19, 1991, the Appellee filed a complaint sounding in negligence and seeking joint and several liability against Mr. Holt and the Appellant. Subsequently, on July 5, 1991, the Appellee's counsel attempted to effect service of process on the Appellant[4] and Mr. Holt[5] through the West Virginia Secretary of State's Office. On July 29, 1991, the Secretary of State informed the Clerk of the Circuit Court of Mingo County that service of process of the complaint and summons "in the name and on behalf of Jack E. Holt" had been effected on Mr. Holt. It is undisputed that Mr. Holt received the complaint and signed for the service of process sent to him at his address. Similarly, on that same date the Secretary of State informed the circuit court clerk that the original complaint and summons "in the name and on behalf of Casturo Transportation Service" had been returned from the post office marked "Returned For Better Address, INSUFFICIENT ADDRESS." The record indicates that the Appellee made no further attempts to serve the Appellant either through the Secretary of State's Office or otherwise; however, on July 24, 1992, the Appellee's counsel mailed a copy of the summons and complaint to the Appellant's insurance carrier, Home Insurance Company (hereinafter referred to as "Home"), which was received by Home on July 27, 1992.[6]

The Appellee filed a motion for default judgment against the Appellant on September 9, 1992. On that same day, the circuit court granted the Appellee's motion. Subsequently, on June 2, 1993, a writ of inquiry was held on the issue of damages, resulting in the circuit court awarding the Appellee damages in the amount of $1,058,240, plus prejudgment and post-judgment interest.[7]

On November 18, 1993, within a month after being informed of the default judgment entered against it, the Appellant filed a motion to dismiss or alternatively, to set aside the default judgment. The circuit court conducted a hearing on the Appellant's motion on December 16, 1993, which resulted in the denial of the Appellant's motion. The circuit court also denied the Appellant's subsequent

---

3. *See supra* note 1.

4. Process for the Appellant was addressed as follows:
   John Doe, D/B/A
   Casturo Transportation Service
   5423 W. Smithfield
   Boston, PA 15135

5. Process for Mr. Holt was addressed as follows:
   Jack E. Holt
   430 Main Street W.
   # 8 South Hills Terrace
   Brownsville, PA 15135

6. The Appellee also alleges that the Appellee's counsel conversed with Veronica Koob, an adjuster for Home, on August 28, 1992, and advised her that no extension of time would be given to file an answer. According to the Appellee's counsel, Ms. Koob indicated to him that she had referred the matter to the law firm of Jenkins, Fenstermaker, Krieger, Kayes & Farrell, in Huntington, West Virginia.

7. It is significant to note that the Appellant never received notice for either the motion for default judgment or the writ of inquiry. The Appellant became aware of the default judgment against it by a certified letter sent by the Appellee's counsel to Home on October 18, 1993. West Virginia Rule of Civil Procedure 55(b)(2), provides, in pertinent part, that

> [i]n all other cases the party entitled to a judgment by default shall apply to the court therefor and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend; .... If the party against who judgment by default is sought *has appeared* in the action, he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

W.Va.R.Civ.P. 55(b)(2) (emphasis added). It is undisputed that at the time of the default judgment and the writ of inquiry, the Appellant had not appeared, either by filing an answer or other responsive pleading, or by making an appearance in court. Therefore, under the provisions of the rule, the Appellee was not required to give the Appellant notice of the proceedings. *See id.; see also Investors Loan Corp. v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969) (stating that notice must be given and served on party against whom default judgment is sought if party has appeared in proceeding).

motion for reconsideration of the Appellant's motion to dismiss.

## II.

The crux of this case centers on whether the circuit court erred in finding that the Appellant was served with process in compliance with the provisions of West Virginia Code § 56-3-31, when the circuit court held that:

> Jack E. Holt was the duly authorized agent of Casturo ..., in that Jack E. Holt was operating a motor vehicle owned by the nonresident corporation, Casturo.... That service on the Secretary of State as statutory agent and service on Jack E. Holt as the duly authorized [agent] of Casturo ..., was sufficient and adequate service of process.

The Appellant argues that the Appellant was never served with process due to an insufficient address. Further, the Appellant maintains that Mr. Holt was not acting as the duly authorized agent of the Appellant when he accepted service of process because the service of process Mr. Holt accepted was intended specifically for him as an individual defendant. The Appellant asserts that the service of process accepted by Mr. Holt was neither designated for the Appellant nor for Mr. Holt as the Appellant's duly authorized agent. Finally, the Appellant contends that while service of process could have been effected upon Home, the Appellee's counsel only mailed a copy of the complaint to Home more than a year after service of process was originally attempted, thereby failing to comport with the requirements of West Virginia Code § 56-3-31(g). In contrast, the Appellee maintains that not only was the Appellant properly served with process within the purview of West Virginia Code § 56-3-31 when Mr. Holt accepted process on the Appellant's behalf as its duly authorized agent, but the Appellant also received actual notice when the Appellant's insurer received a copy of the summons and complaint.

According to the language of West Virginia Code § 56-3-31, there are three methods by which the Appellee could have effected service of process of the summons and complaint upon the Appellant in this case: 1) by serving the Appellant; 2) by serving the Appellant's duly authorized agent; or 3) by serving the Appellant's insurer. Specifically, West Virginia Code § 56-3-31(e) provides for service of process upon a nonresident defendant as follows:

> [s]ervice of process upon a nonresident defendant [8] shall be made by leaving the original and two copies of both the summons and complaint, together with the bond certificate of the clerk, and a fee of five dollars with the secretary of state, or in his or her office, and said service shall be sufficient upon the nonresident defendant ... *Provided, That notice of service and a copy of the summons and complaint shall be sent by registered or certified mail, return receipt requested, by the secretary of state to the nonresident defendant. The return receipt signed by the defendant or his or her duly authorized agent shall be attached to the original summons and complaint and filed in the office of the clerk of the court from which process is issued.* In the event the registered or certified mail sent by the secretary of state is refused or unclaimed by the addressee or if the addressee has moved without any forwarding address, the registered or certified mail returned to the secretary of state, or to his or her office, showing thereon the stamp of the post office department that delivery has been refused or not claimed or that the addressee has moved without any forwarding address, shall be appended to the original summons and complaint and filed in the clerk's office of the court from which process issued. The court may order such continuances as may be reasonable to afford the defendant opportunity to defend the action.

W.Va.Code § 56-3-31 (footnote and emphasis added). Further, West Virginia Code

---

8. West Virginia Code § 56-3-31(h)(5) defines a "nonresident defendant or defendants" as "a nonresident motorist who, either personally or through his or her agent, operated a motor vehicle on a public street, highway or road in this state and was involved in an accident or collision which has given rise to a civil action filed in any court in this state."

§ 56–3–31(g) provides for service of process on a nonresident defendant's insurer as follows:

[i]n the event service of process upon a nonresident defendant cannot be effected through the secretary of state as provided by this section, service may be made upon the defendant's insurance company. *The plaintiff must file with the clerk of the circuit court an affidavit alleging that the defendant is not a resident of this state; that process directed to the secretary of state was sent by registered or certified mail, return receipt requested; that the registered or certified mail was returned to the office of the secretary of state showing the stamp of the post office department that delivery was refused or that the notice was unclaimed or that the defendant addressee moved without any forwarding address; and that the secretary of state has complied with the provisions of subsection (e) herein.* Upon receipt of process the insurance company may, within thirty days, file an answer or other pleading and take any action allowed by law in the name of the defendant.

W.Va.Code § 56–3–31(g) (emphasis added).

It is well-established that West Virginia Code § 56–3–31 "is in derogation of common law in allowing a summons to be served upon the ... [Secretary of State] in an action against a non-resident defendant and therefore must be strictly adhered to in accordance with its clear and unambiguous terms." Syl. Pt. 2, *Stevens v. Saunders,* 159 W.Va. 179, 220 S.E.2d 887 (1975); *accord Mollohan v. North Side Cheese Co.,* 144 W.Va. 215, 107 S.E.2d 372 (1959). It is under the guidance of this principle that we examine whether the Appellee strictly adhered to the above-mentioned unambiguous statutory terms. *See* Syl. Pt. 2, *Stevens,* 159 W.Va. at 179, 220 S.E.2d at 888.

### A.

■ It is undisputed that service of process through the Secretary of State's office was never made on the actual Appellant in this case due to an insufficient address. *See* W.Va.Code § 56–3–31(e). As we have previously held in syllabus point four of *Mollohan,*

in an action against a non-resident motorist[,] service of process may be had upon the ... [Secretary of State] provided that notice of such service and a copy of the process shall forthwith be forwarded by the ... [Secretary of State] to the defendant by registered mail, return receipt requested, and the return receipt, signed by the defendant or his duly authorized agent, or the registered mail, showing thereon the stamp of the post office department that delivery has been refused by the addressee, is appended to the original process and filed therewith in the clerk's office, the return of the registered mail showing the stamp of the post office department that addressee is "Unknown" is not sufficient compliance with the statute to sustain a default judgment rendered against a nonresident defendant.

144 W.Va. at 216, 107 S.E.2d at 373. Similarly, where a plaintiff seeks to obtain service of process on a nonresident defendant in accordance with the procedures outlined in West Virginia Code § 56–3–31(e), and where the registered or certified mail containing service of process is returned to the Secretary of State's Office showing thereon the stamp of the post office department that delivery was unable to be made due to the "Insufficient Address" of the addressee, then the plaintiff, provided no other action has been taken under said statutory provisions, has failed to serve the nonresident defendant with process in compliance with the statute.

### B.

Next, we address whether the circuit court erred in finding that service of process was made on the Appellant in accordance with West Virginia Code § 56–3–31, where the Appellee contends that the Appellant was served through its duly authorized agent, Mr. Holt. Specifically, the circuit court found that "the complaint alleged[9] that Jack E.

---

**9.** The circuit court's finding was based on the following allegation in the Appellee's complaint: "That on the date and place aforesaid, Jack E.

Holt was driving a vehicle owned by John Doe, d/b/a Casturo ... and was acting in the capacity of an agent and/or employee of John Doe, d/b/a

Holt was acting as a duly authorized agent of Casturo...."

■ Under the provisions of West Virginia Code § 56–3–31(h)(1), a "[d]uly authorized agent" includes "a person who operates a motor vehicle in this state for a nonresident [10] ... in pursuit of business ... or who comes into this state and operates a motor vehicle for, or with the knowledge or acquiescence of, a nonresident ...; *and includes, among others, ... a person who, at the residence, place of business or post office of such nonresident, usually receives and acknowledges receipt for mail addressed to the nonresident.*" W.Va.Code § 56–3–31(h)(1) (footnote and emphasis added). Implicit in this definitional language is the requirement that a duly authorized agent is an individual who understands and is cognizant of the fact that he or she is accepting mail on behalf of the nonresident defendant. Clearly, an allegation in a complaint that an individual is an agent for the purposes of instituting a cause of action in negligence does not constitute compliance with the requirements of West Virginia Code § 56–3–31.

■ Accordingly, under the provisions of West Virginia Code § 56–3–31, in order for a duly authorized agent to accept service of process on behalf of a nonresident defendant, there must be clear, unambiguous and express terms on the notice of service of process sent by the Secretary of State to the nonresident defendant's duly authorized agent that the copy of the summons and complaint are not being served on the duly authorized agent in his individual capacity, but on the nonresident defendant. Further, the nonresident defendant's duly authorized agent must acknowledge on the return receipt signed by said individual that service of process has been accepted on behalf of the nonresident defendant. It is only through these requirements that the duly authorized agent is put on notice that he is acting on

behalf of a nonresident defendant in accepting service of process.

■ In this case, both Mr. Holt and the Appellant were named defendants in this case. Thus, the Appellee had to effect service of process on both Mr. Holt and the Appellant. Consequently, when Mr. Holt accepted service of process for a complaint naming him as an individual defendant, he had no reason to conclude that he was also accepting service of process for the Appellant and, therefore, was under any obligation to inform the Appellant of the lawsuit. The only way Mr. Holt could have been served with the Appellant's notice and copy of the summons and complaint would have been for the Appellee to have informed the Secretary of State that service of process on the Appellant was to be made on Mr. Holt as the Appellant's duly authorized agent. Then, presumably, Mr. Holt would have been served with not only his copy of the summons and complaint, but with the Appellant's copies also. Accordingly, the circuit court erred in relying upon an allegation in a complaint to conclude that Mr. Holt was the Appellant's "duly authorized agent,". and further, in concluding that service of process had been effected on the Appellant through Mr. Holt.

### C.

■ Finally, we determine whether the Appellee properly served the Appellant's insurer, Home, under the provisions of West Virginia Code § 56–3–31, by virtue of simply mailing a copy of the summons and complaint to Home more than a year after the Appellee failed to obtain service of process on the Appellant. The statutory language of West Virginia Code § 56–3–31(g) unequivocally mandates that in order for service to be properly effected upon a nonresident defendant's insurance company, "[t]he plaintiff *must* file with the clerk of the circuit court an affidavit" containing various averments as

---

Casturo ... at the time of the accident and was acting within the scope of his employment." It is evident from this allegation that the Appellee never alleged that Mr. Holt was the "duly authorized agent" of the Appellant for the purpose of accepting service of process as the circuit court's finding indicates.

10. A "nonresident" is defined as "any person who is not a resident of this state ... includ[ing] a nonresident firm, partnership, corporation or voluntary association...." W.Va.Code § 56–3–31(h)(3).

set forth by statute.[11] W.Va.Code § 56–3–31(g) (emphasis added).

In the present case, the Appellee failed to file the affidavit required by West Virginia Code § 56–3–31(g). Absent the filing of this affidavit with the circuit court clerk, the Appellee's mere mailing of a copy of the summons and complaint to Home did not comply with the statutory requirements, and service of process was not obtained on the Appellant's insurer. *See* W.Va.Code § 56–3–31(g).

### III.

Having concluded that the Appellee failed to obtain service of process on the Appellant, we turn to whether the circuit court abused its discretion in failing to grant the Appellant's motion to set aside the default judgment made pursuant to West Virginia Rule of Civil Procedure 60(b).[12] The Appellant argues that the default judgment must be set aside because it is void for lack of service of process. The Appellee asserts that the circuit court properly denied the Appellant's motion to set aside the default judgment because the Appellant could not demonstrate the required grounds for granting the Rule 60(b) motion.

In syllabus points one and three of *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970), we held that

[a] default judgment obtained in accordance with the provisions of Rule 55(b), West Virginia Rules of Civil Procedure, is

a valid and enforceable judgment and a motion to set aside such judgment will not be granted unless the movant shows good cause therefor as prescribed in Rule 60(b) of the aforesaid Rules of Civil Procedure.

A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

*Id.* at 369–70, 175 S.E.2d at 452–53. However, we have also held that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syl. Pt. 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

In determining whether the trial court abused its discretion in this case, it is significant to note that the Appellant was pursuing its Rule 60(b) motion specifically under subsection (4) of that rule, which provides relief on the grounds that "the judgment is void[.]" In *Mollohan*, we held that

[a] default judgment rendered against nonresident motorists for damages arising out of the alleged negligent operation of a motor vehicle in this State is void for lack of jurisdiction where registered mail containing copies of process, forwarded to such nonresident motorists by the ... [Secretary of State], after service upon him, was returned bearing the post office department's notation 'Unknown'.

---

11. The required allegations include the following:

that the defendant is not a resident of this state; that process directed to the secretary of state was sent by registered or certified mail, return receipt requested; that the registered or certified mail was returned to the office of the secretary of state showing the stamp of the post office department that delivery was refused or that the notice was unclaimed or that the defendant addressee moved without any forwarding address; and that the secretary of state has complied with the provisions of subsection (e) herein.

W.Va.Code § 56–3–31(g).

12. West Virginia Rule of Civil Procedure 60(b) provides, in pertinent part, that:

On motion and upon such terms as are just, the court may relieve a party or his legal

representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken.

144 W.Va. at 216, 107 S.E.2d at 373–74, Syl. Pt. 5.

Applying the law enunciated in *Mollohan* to the present case, since we have already determined that the Appellee failed to obtain service of process on the Appellant by utilizing various methods for service of process prescribed by West Virginia Code § 56–3–31, the default judgment rendered upon the Appellant is void for lack of jurisdiction. *See Mollohan,* 144 W.Va. at 216, 107 S.E.2d at 373–74, Syl. Pt. 5. Having met the specific requirement of Rule 60(b)(4), by demonstrating that the judgment is void, the only other requirement the Appellant had to meet under Rule 60(b) was that the motion for relief had to be filed "within a reasonable time." [13] W.Va.R.Civ.P. 60(b). The default judgment was entered on September 9, 1992, and, following a writ of inquiry, the order awarding the Appellee more than a million dollars in damages was entered on July 2, 1993. The Appellant was not made aware of either the default judgment or damage award until October 18, 1993, when the Appellant's insurance company received a certified letter informing the insurer of the judgment. Within a month after receiving notice of the default judgment, the Appellant filed its motion to dismiss or alternatively, to set aside default judgment. A month is certainly a "reasonable time" within which to file a Rule 60(b) motion considering all the facts of this case. *See* W.Va.R.Civ.P. 60(b). Accordingly, because good cause existed to set aside the default judgment, we find that the trial court abused its discretion in failing to do so. *See Midkiff v. Kenney,* 180 W.Va. 55, 375 S.E.2d 419 (1988).

Based on the foregoing, the decision of the Circuit Court of Mingo County is reversed and remanded for further proceedings consistent with this opinion.[14]

Reversed and remanded.

13. Specifically, in syllabus point two of *Jenkins v. Johnson,* 181 W.Va. 281, 382 S.E.2d 334 (1989), we held that "'[u]nder Rule 60(b) of the West Virginia Rules of Civil Procedure, motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period.' Syl-

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.

labus Point 3, *Savas v. Savas,* [181] W.Va. [316], [382] S.E.2d [510] [(1989)]...."

14. Based on our decision in this case, we decline to address the remainder of the Appellant's assignments of error.