554 S.E.2d 120

Henry CONNER, Plaintiff
Below, Appellee,

v.

POUND, CONNER, LUCAS, ANDRECOZ-
ZI, INC., d/b/a Drulane, Palmer & Smith,
Defendant Below, Appellant.

No. 29180.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2001.

Decided Oct. 5, 2001.

David Conrad Gall, Fairmont, for the Appellee.

Ross Maruka, James A. Liotta, Tharp, Liotta & Yokum, Fairmont, for the Appellant.

PER CURIAM.

Pound, Conner, Lucas, Andrecozzi, Inc., d/b/a Drulane, Palmer & Smith (hereinafter collectively referred to as "Pound"), appellant/defendant below, appeals from a default judgment order entered by the Circuit Court of Marion County. The default judgment required Pound to pay Henry Conner (hereinafter referred to as "Mr. Conner"), appellee/plaintiff below, approximately $51,009.12.[1] In this appeal, Pound contends that it was never served with a copy of the complaint, and therefore, default judgment should not have been entered. After a review of the record we agree, and reverse the trial court's entry of default judgment.

I.

FACTUAL AND PROCEDURAL
HISTORY

Mr. Conner was employed by Pound as a corporate officer during the 1980's, he was also a stockholder. While employed by Pound, Mr. Conner loaned the company $200,000.00. Additionally, Mr. Conner permitted the company to use his personal credit cards. Mr. Conner's employment with Pound was terminated on April 15, 1998. On May 2, 2000, Mr. Conner filed a complaint against Pound seeking monies owed from the loan, the use of his personal credit cards and for other reimbursements.

Pound did not file an answer to the complaint. Mr. Conner moved for default judg-

---

1. Mr. Conner did not file a brief in this case. Counsel for Mr. Conner indicated by letter that he was not opposed to setting aside the default judgment.

ment. A hearing was held on the default judgment motion. During the hearing, counsel for Pound made a special appearance to argue that Pound never received a copy of the complaint. On October 2, 2000, the circuit court entered a default judgment against Pound in the amount of $51,009.12. Pound now appeals entry of the default judgment.

## II.

### STANDARD OF REVIEW

■ The circuit court entered a default judgment in this case pursuant to Rule 55(b)(2) of the West Virginia Rules of Civil Procedure.[2] We have previously held that "[a]ppellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment." Syl. pt. 3, *Hinerman v. Levin,* 172 W.Va. 777, 310 S.E.2d 843 (1983). *Accord* Syl. pt. 6, *White v. Berryman,* 187 W.Va. 323, 418 S.E.2d 917 (1992). In *Hinerman,* this Court stated that while it is "quite willing to review default judgments and to overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion." *Hinerman,* 172 W.Va. at 782, 310 S.E.2d at 848.

## III.

### DISCUSSION

■ The underlying facts of this case pertaining to service of process upon Pound are unclear. The record shows that Mr. Conner completed a Civil Case Information Statement listing a West Virginia post office address for Pound. Thereafter, the Secretary of State issued a summons, along with the complaint, that also listed a West Virginia post office address for Pound. However, the Secretary of State's office appears to have had a registered agent for Pound that had a New York post office address.[3] A document contained in the record shows that service of process was mailed to the New York post

office address, but the New York post office made no return thereon.

■ When a return receipt for service of process is noted "unknown" or "insufficient address," and no other action has been taken pursuant to the statutory provisions for service, then service of process has not complied with the statutory requirements and will not support a default judgment. *See, e.g.,* Syl. pt. 2, *Evans v. Holt,* 193 W.Va. 578, 457 S.E.2d 515 (1995); Syl. pt. 4, *Mollohan v. North Side Cheese Co.,* 144 W.Va. 215, 107 S.E.2d 372 (1959). In the instant proceeding, the only evidence regarding service of process upon Pound is a notation from the Secretary of State's office indicating "no return." Consequently, there is no evidence to show that Pound received service of process.

## IV.

### CONCLUSION

In view of the foregoing, the circuit court's entry of default judgment is reversed, and this case is remanded.

Reversed and Remanded.

---

**2.** In *Coury v. Tsapis,* 172 W.Va. 103, 106, 304 S.E.2d 7, 10 (1983), we distinguished between a "default" and a "default judgment," by observing that "a default relates to the issue of liability and a default judgment occurs after damages have been ascertained."

**3.** Pound's corporate status with the State of West Virginia is unclear.