607 S.E.2d 514

**William A. CROWLEY, III, and Sherry Ellis, Plaintiffs Below, Appellees**

**v.**

**KRYLON DIVERSIFIED BRANDS, a division of Sherwin Williams Company; and Sherwin Williams Company, Defendants Below, Appellants.**

**No. 31723.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 2004.

Decided Dec. 3, 2004.

Samuel F. Hanna, Charleston, for Appellees.

Anita R. Casey, MacCorkle, Lavender & Casey, Charleston, for Appellants.

STARCHER, J.:

In this case, we remand a case involving a default judgment order to the circuit court for reconsideration in light of our opinion herein.

## I.

### Facts & Background

The complaint in the underlying matter is based upon allegations of an incident, occurring on July 24, 1996, involving an exploding can of Krylon spray paint, manufactured and distributed by the appellants and defendants below the Sherwin–Williams Company (and its division Krylon), which incident allegedly resulted in injury to the appellees and plaintiffs below. Specifically, it is alleged that appellee William Crowley incurred $1,343.00 in medical expenses, and that appellee Sherry Ellis incurred $4,540.22 in property damage. The complaint asserts claims based upon negligence, strict liability, breach of warranty, and fraud, and was filed on July 24, 1998. The appellants were apparently not notified of any claim or potential claim by the appellees prior to the filing of the complaint.

The Sherwin–Williams Company was at the time registered with the Office of the Secretary of State as a foreign corporation authorized to transact business in West Virginia. The complaint was served upon the Secretary of State on November 20, 1998. Pursuant to the terms of *W.Va.Code*, 31–1–15 [1997], the Secretary of State sent the summons and complaint via certified mail to one William Woodrow, who was listed by Sherwin–Williams with the Secretary of State as an agent of the Sherwin–Williams Company for service of process. The certified mail was returned to the Secretary of State with a notice indicating that it was not delivered for the stated reason of "Forwarding Order Expired." Apparently Mr. Woodrow had moved and/or died.

Thereafter, on November 19, 1999, appellees' counsel filed a motion for default judgment. The motion was granted by the trial court by order dated November 24, 1999. Subsequently a bench trial [writ of inquiry] was had, wherein the trial court awarded $55,883.22 in damages to the appellees by order dated October 23, 2001. In October of 2002, appellees' counsel sent a letter to Sherwin–Williams requesting payment of the judgment. It is undisputed that this letter was the first actual notice to Sherwin–Williams of the claim or the proceedings against it.

Thereafter, Sherwin–Williams made a motion under Rules 55 and 60 to set aside the default judgment order, which motion the circuit court denied. Sherwin–Williams has appealed that denial to this Court in the instant case.[1]

## II.

### Standard of Review

■ We apply an abuse of discretion standard to circuit court orders refusing to set aside a default judgment. Syllabus Point 1, *Cook v. Channel One, Inc.*, 209 W.Va. 432,

---

1. The record indicates that Sherwin–Williams also made a Motion for Reconsideration of the denial order in the circuit court; and that the Motion for Reconsideration has not been acted upon by the circuit court.

549 S.E.2d 306 (2001). In the instant case, however, the circuit court's exercise of its discretion was necessarily affected by an issue of law (and apparently an issue of first impression)—that we address *de novo.*

■ Sherwin–Williams asserted below and before this Court that the default judgment order was not properly obtained in the first instance because service of process of the complaint on Sherwin–Williams was legally insufficient—because the certified mail from the Secretary of State was neither accepted or refused by Sherwin–Williams' agent for service of process, but rather was returned as undeliverable. It is this legal issue that we must address.

To obtain service of process on Sherwin–Williams, the appellees invoked the mechanism set forth in *W.Va.Code,* 31–1–15 [1997], the then-applicable statute that stated in pertinent part:

The secretary of state is hereby constituted the attorney-in-fact for and on behalf of every corporation created by virtue of the laws of this state and every foreign corporation created by virtue of the laws of this state and every foreign corporation authorized to conduct affairs or do or transact business herein pursuant to the provisions of this article, with authority to accept service of notice and process on behalf of every such corporation and upon whom service of notice and process may be made in this state for and upon every such corporation.... Immediately after being served with or accepting any such process or notice, of which process or notice two copies for each defendant shall be furnished the secretary of state with the original notice or process, together with the fee required..., *the secretary of state shall* file in his office a copy of such process or notice, with a note thereon endorsed of the time of service, or acceptance, as the case may be, and *transmit one copy of such process or notice by registered or certified mail, return receipt requested, to the person to whom notice and process shall be sent, whose name and address were last furnished to the state officer at the time authorized by statute to accept service of notice and process and upon whom notice and process may be served;* and if no such person has been named, to the principal office of the corporation at the address last furnished to the state officer at the time authorized by statute to accept service of process and upon whom process may be served, as required by law ....

(Emphasis added.)

Nothing in this statutory language dealing with authorized corporations speaks to the issue of the sufficiency of service of process in a case where the Secretary of State is unable to transmit the process or notice by registered or certified mail to the corporation's agent for service of process because the name and/or address furnished by the corporation are no longer extant, and no forwarding address is available.

However, in the following section of then-*W.Va.Code,* 31–5–15 [1997]—a section that dealt with service of process through the Secretary of State on corporations that are *not* authorized to do business in West Virginia—there is statutory language indicating more precisely when non-delivery of notice or process will nevertheless result in sufficient process:

[T]he secretary of state shall file in his office a copy of such process or notice, with a note thereon endorsed of the time of service or acceptance, as the case may be, and transmit one copy of such process or notice by registered or certified mail, return receipt requested, to such corporation at the address of its principal office, which address shall be stated in such process or notice. *Such service or acceptance of such process or notice shall be sufficient if such return receipt shall be signed by an agent or employee of such corporation, or the registered or certified mail so sent by the secretary of state is refused by the addressee and the registered or certified mail is returned to the secretary of state, or to his office, showing thereon the stamp of the United States postal service that delivery thereof has been refused,* and such return receipt or registered or certified mail is appended to the original process or notice and filed therewith in the clerk's office of the court from which such process or notice was issued.

(Emphasis added). Thus, in the case of non-authorized corporations, the statute was explicit in saying that it was the *refusal* of the agent to accept the notice or process that made the service by registered or certified mail sufficient, even though the mail was returned to the Secretary of State. In the case of authorized corporations, however, the statute was silent on this issue, and did not address the issue of sufficiency of service.

In 2002, *W.Va.Code,* 31-1-15 was re-enacted and amended, and its provisions are now found in *W.Va.Code,* 31D-15-1510 [2002]. The statute now explicitly provides—for both authorized *and* non-authorized corporations—that:

> (d) ... Service or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the secretary of state is refused by the addressee and the registered or certified mail is returned to the secretary of state, or to his or her office, showing the stamp of the United States postal service that delivery has been refused ....

In light of the lack of clarity in the earlier statute, the more logical reading of the amendment of the statute in 2002 is that the Legislature was clarifying the standards to be applied to non-delivery of notice or process by registered and certified mail in the case of all corporations, authorized and non-authorized. It would be less logical to adopt the suggestion of the appellees that prior to 2002, the Legislature by its silence intended to impose stricter and harsher service of process standards on authorized corporations than on non-authorized corporations.

In *Evans v. Holt,* 193 W.Va. 578, 457 S.E.2d 515 (1995), service of process was attempted through the Secretary of State, and the return of the registered mail reflected that neither the corporation nor its listed agent received the complaint and summons:

> [T]he Secretary of State informed the circuit court clerk that the original complaint and summons "in the name and on behalf of Casturo Transportation Service" had been returned from the post office marked "Returned For Better Address, INSUFFICIENT ADDRESS."

193 W.Va. at 582, 457 S.E.2d at 519.

This Court stated: "It is undisputed that service of process through the Secretary of State's office was never made on the actual Appellant [Casturo] in this case due to an insufficient address[;]" 193 W.Va. at 584, 457 S.E.2d at 521, and held at Syllabus Point 2:

> Where a plaintiff seeks to obtain service of process on a nonresident defendant in accordance with the procedures outlined in West Virginia Code § 56-3-31(e) (Supp. 1994), and where the registered or certified mail containing service of process is returned to the Secretary of State's Office showing thereon the stamp of the post office department that delivery was unable to be made due to the "Insufficient Address" of the addressee, then the plaintiff, provided no other action has been taken under said statutory provisions, has failed to serve the nonresident defendant with process in compliance with the statute.

While *Evans v. Holt* involved service of process under a statute concerned with non-resident motorists, there is no reason to believe that its principles are not applicable to the instant case. *See also Conner v. Pound, Conner, Lucas, Andrecozzi, Inc.,* 210 W.Va. 87, 554 S.E.2d 120 (2001), where this Court stated:

> When a return receipt for service of process is noted "unknown" or "insufficient address," and no other action has been taken pursuant to the statutory provisions for service, then service of process has not complied with the statutory requirements and will not support a default judgment.

210 W.Va. at 88, 554 S.E.2d at 121.

Although both the *Evans* and *Conner* cases did not clearly involve service of process through the Secretary of State's office under the same statute that is involved in the instant case, they do support the appellants' contention that a returned-as-undeliverable mail receipt is not presumptively seen as legally sufficient service of process.

The appellees argue that they fully complied with the statute by providing copies of the complaint to the Secretary of State.

They also argue that it is entirely due to the negligence of the appellants—in not assuring that their listed agent was extant and able to receive mail notices—that the appellants did not receive actual notice of the appellees' suit.

The equitable force of this argument is indisputable. The appellants, a large corporation, have not presented anything to this Court that indicates how and why they failed to see that their registered agent information was up-to-date; nor have they asserted that the appellees did not proceed in good faith in seeking and obtaining a default judgment after the mailed notice was returned.

However, the issue of sufficiency of process under the statute in question does not turn on issues of equity or negligence, but on statutory interpretation. Our analysis, based on the foregoing discussion, leads us to the conclusion that under *W.Va.Code*, 31–1–15 [1997] legally sufficient service of process is achieved when a registered or certified mailing by the secretary of state to an authorized corporation's listed agent was returned as either accepted or "refused" by the agent—and not when the return is due to the postal service's inability to locate the agent.[2]

■ We hold therefore that under the provisions of *W.Va.Code*, 31–1–15 [1997] and 31D–15–1510 [2002], service of process on a corporation is insufficient when notice or process is mailed using registered or certified mail to an authorized corporation's listed agent by the Secretary of State, is neither accepted or refused by the agent, and the mail is returned to the Secretary of State because the notice or process is undeliverable.[3]

## IV.

### Conclusion

Based on the foregoing, it is apparent that the circuit court abused its discretion in not granting the appellants' motion to set aside the default judgment. The circuit court's order refusing to grant the motion is reversed and set aside, and this case is re-

---

**2.** Additionally, although the parties did not brief this issue, *West Virginia Rule of Civil Procedure* Rule 4(d)(1)(E) states that:

> Service pursuant to subdivision (d)(1)(D) shall not be the basis for the entry of a default or a judgment by default *unless the record contains a return receipt showing acceptance by the defendant or a return envelope showing refusal of the registered or certified mail by the defendant.* If delivery of the summons and complaint pursuant to subdivision (d)(1)(D) is refused, the clerk, promptly upon receipt of the notice of such refusal, shall mail to the defendant, by first class mail, postage prepaid, a copy of the summons and complaint and a notice that despite such refusal, the case will proceed and that judgment by default will be rendered against the defendant unless the defendant appears to defend the suit. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by or delivery was refused by an unauthorized person. The notice and acknowledgment of receipt of the summons and complaint pursuant to subdivision (d)(1)(E) shall be executed in the manner prescribed on Form 14. Unless good cause is shown for failure to complete and return the notice and acknowledgment of receipt of summons and complaint pursuant to subdivision (d)(1)(E) within twenty (20) days after mailing, the court may order the payment of costs of personal service by the person served. Service pursuant to subdivision (d)(1)(E) shall not be the basis for entry of default or a judgment by default unless the record contains a notice and acknowledgment of receipt of the summons and complaint. If no acknowledgment of service pursuant to subdivision (d)(1)(E) is received by the clerk within twenty (20) days after the date of mailing, service of such summons and complaint shall be made under subdivisions (d)(1)(A), (B), (C), or (D).

(Emphasis added.) By virtue of various cross-references within the Rule, this section is applicable to authorized foreign corporations.

**3.** In light of our discussion of the responsibility of the appellants for the underlying problem that led to the failure of the mailed service of process to be properly served upon them in a timely manner, we qualify our holding by stating that we are inclined to the position that a plaintiff that has acted in good faith in seeking service of notice or process through the Secretary of State's office has standing to assert that an authorized corporation that has failed to follow the statutory requirement of maintaining a listed agent for service of notice or process by mail through the Secretary of State's office should be estopped from asserting insufficiency of process, the statute of limitations, or other defense arising from insufficient process; and that a court considering such a matter should balance all of the equities in deciding the estoppel question.

manded for further proceedings in accord with the principles set forth herein.

Reversed and Remanded.